ADAM GRAUZAUSKAS, PROSECUTOR, v. STATE OF NEW JERSEY, RESPONDENT.

Argued February 19, 1924—Decided April 10, 1924.

Motor Vehicles—Conviction for Drunkenness—Conviction Regardless of Fact That "No Complaint Had Been Made or Signed"—Appeal to Common Pleas.

On *certiorari*, &c.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the prosecutor, *Cole & Cole.*

For the respondent, *Grover C. Richmond,* assistant attorney-general.

PER CURIAM.

This writ brings up for review the action of the Common Pleas Court of Atlantic county on an appeal taken pursuant to the Motor Vehicle act. *Pamph. L.* 1921, *p.* 643.

The return shows that the prosecutor was convicted and sentenced by a justice of the peace for driving an automobile while under the influence of intoxicating liquors. It also shows that he was thus convicted regardless of the fact that "no complaint had been made or signed" against the defendant, the prosecutor here. That conviction was therefore illegal. *Watt* v. *Wallerius,* 2 *N. J. Adv. R.* 508.

From that conviction the defendant took an appeal to the Court of Common Pleas, and that court fixed August 8th, 1923, for the trial *de novo,* to which the Motor Vehicle act entitled the defendant upon his appeal Such a trial he did not get. Upon the day fixed for such hearing his counsel moved to reverse such conviction and dismiss the proceeding (then under review), for the reason (among others) that "no

complaint in writing was made or signed before the hearing." That motion was resisted by the assistant prosecutor of the pleas of Atlantic county, who then appeared for the state below, and the motion was denied. Counsel for the defendant then moved that the trial proceed. That motion likewise was resisted and was denied, and the trial judge, without more, ordered that "the appeal bond be and the same hereby is declared forfeited," because the defendant was not actually in court, although represented by counsel.

It is to review the denial of these motions and the forfeiture of the bond that this *certiorari* was allowed.

As we have pointed out, it seems quite plain that the defendant was improperly convicted by the justice of the peace. That being so, we perceive no reason why the motion addressed to the infirmity in the proceeding should not have been granted by the Common Pleas Court. And we think that the mere fact that the defendant was not actually in court when such motion was made by his counsel, did not justify the forfeiture of his appeal bond in the circumstances of the case.

The order of forfeiture will be set aside, but without costs.