DONALD BREWSTER, PROSECUTOR, v. C. FRANKLIN WILSON, JUDGE, AND THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF MORRIS, THE STATE OF NEW JERSEY AND JAMES E. RYAN, DEFENDANTS.

Decided May 12, 1925.

**Motor Vehicles — Intoxicated Driver — Conviction — Proceeding Highly Penal, Summary, Legal Steps Clearly Marked—No Warrant Issued—Complaint Does Not Show That It Was Taken Before Person Sitting as Magistrate, or That He Was a Magistrate—Trial Judge Without Power to Amend Complaint—Conviction Set Aside.**

On *certiorari* to the Morris County Court of Common Pleas.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Joseph F. Murphy* (*Charles Jones,* of counsel).

For the defendants, *Henry C. Pilch.*

PER CURIAM.

The prosecutor was convicted in the recorder's court of the borough of Madison, Morris county, New Jersey, on November 24th, 1923, of an alleged violation of subdivision 3 of section 14 of the Motor Vehicle act of 1921, chapter 208, in that, while he was under the influence of intoxicating liquor, he did, on the 15th day of November, 1923, operate a motor vehicle on Main street, a public highway in said borough.

Upon this conviction the prosecutor was sentenced to imprisonment in the county jail for thirty days. The prosecutor appealed to the Court of Common Pleas for Morris county, where, after having had a trial *de novo,* he was convicted and sentenced to imprisonment in the county jail for six months.

The record discloses that the prosecutor was arrested without a warrant on November 15th, 1923, and brought before the recorder, where a complaint was drawn, which charged the prosecutor with a violation of subdivision 3 of section 14 of the Motor Vehicle act. The complaint was subscribed by the officer who made the arrest. The *jurat* reads as follows:

"Sworn and subscribed before me this 15th day of November, A. D. 1923.

[Signed]    E. W. SCHONEBERGER.    [Seal.]"

There was no warrant issued. A hearing was given and the hearing was adjourned to November 17th, 1923, and, on request of counsel, adjourned to November 24th, 1923, where, after a hearing, the prosecutor was adjudged guilty and sentenced by the magistrate, as above stated. The case was appealed to the Common Pleas Court, and the record discloses that before the trial was begun counsel of the prosecutor moved for a reversal of the conviction, which motion appears to have been intended as a motion to dismiss the case, which was the only proper motion that could be made, since the trial was one *de novo,* and not a review of the trial errors of the court below. At any rate, the grounds for the motion as stated by counsel were—1. That the complaint was not duly verified, in that it does not appear that it was taken before Schoneberger as a magistrate, and there is nothing on the face of the complaint denoting that he is such. This motion was overruled. The court directed that Schoneberger be permitted to add, if necessary, the words justice of the peace or recorder after his name to the *jurat.*

As the proceeding was of a summary character, highly penal in its nature, and the legal steps to be taken are clearly mapped out in the statute conferring jurisdiction, it was essential to the validity of the proceeding, and for the magis-

trate to acquire jurisdiction of the cause that it should appear that the statutory requisites have been complied with. Section 31 requires that the alleged offender shall be taken before a magistrate and a complaint in writing shall be made before him. The complaint does not show upon its face that it was taken before him as such magistrate, nor is there anything in the complaint to indicate that he is a magistrate. .

The trial judge was without power to amend the complaint. It may be, but, without deciding it, that proof could be taken by calling the magistrate or the production of an official record that he was such a magistrate. If he had designated himself as such in the complaint his authority could not have been collaterally attached. But there is more substantial ground for setting aside the conviction in the refusal of the trial judge to dismiss the proceedings, because no warrant was issued. We have held that the issuance of a warrant is an essential requisite to give the magistrate jurisdiction of the cause. The language of section 31 is too explicit to admit any doubt on the subject.

The section after stating that a sworn complaint in writing shall be made, "whereupon said magistrate shall issue a warrant returnable forthwith, and the said magistrate shall proceed summarily to hear or postpone the case," &c.

So, that it is clear that the legislature expressly makes the issuance of a warrant a prerequisite before a hearing can be had and the cause be dealt with by the magistrate. Until the warrant has been issued and returned forthwith, the magistrate is without jurisdiction of the cause. See *Granzauskas* v. *State,* 2 *N. J. Mis. R.* 307. See, also, *State* v. *Baker,* recently decided, but not yet reported.

Having reached the result that for this reason the conviction must be set aside, we deem it to be unnecessary to deal with other reasons presented and argued in the brief on behalf of the prosecutor.

The judgment is reversed and the conviction set aside.