198 N.J. Super. 318 (1984)
486 A.2d 1299
TRUSTEES OF THE LOCAL 478 TRUCKING AND ALLIED INDUSTRIES PENSION FUND AND TRUSTEES OF THE JOINT WELFARE FUND OF EMPLOYERS AND LOCAL 478, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PLAINTIFFS-APPELLANTS,
v.
FRANK PIROZZI, SR., VICTOR PIROZZI AND JOHN PIROZZI, DEFENDANTS, AND JOSEPH PIROZZI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1984.
Decided December 11, 1984.
*319 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Stephen A. Satkin argued the cause for appellant (Craner & Nelson, attorneys).
No brief was filed on behalf of respondent.
*320 PER CURIAM.
The judgment of January 11, 1984 is affirmed substantially for the reasons set forth in the comprehensive written opinion of Judge Margolis dated December 22, 1983, 197 N.J. Super. 297, subject, however, to the following additional comments.
In his opinion Judge Margolis indicated that there can be no question but that the threat of penal sanctions for violation of N.J.S.A. 2A:170-90.2 would deter a corporate officer or employee from violating that section as much as if not more than the threat of a civil damage suit. We were advised at oral argument that no disorderly conduct complaint has been filed against defendant for the failure of Asbestos Transportation Co., Inc. to make the required payments. Clearly such a complaint would now be barred by the statute of limitations. N.J.S.A. 2C:1-6. Thus the facts in this case cast doubt on the suggestion that the threat of a quasi-criminal prosecution is a meaningful deterrent to a failure of an employer to make payments. But to the extent that it is not, the inadequacy of the threat of imposition of the remedy designated by the Legislature to have its desired effect may be attributable to employee representatives such as plaintiffs for their failure to institute disorderly conduct proceedings. Here plaintiffs passed up a remedy the Legislature expressly provided and sought one it had never mentioned.
We also point out that even in the absence of a civil remedy under N.J.S.A. 2A:170-90.2, a victim of an offense under that section may be able to obtain monetary relief. N.J.S.A. 2C:43-3 provides that any person convicted of an offense (including a disorderly persons offense) may be required to make restitution to the victim in an amount not exceeding the victim's loss. This section applies to sentences for convictions under N.J.S.A. 2A:170-90.2 even though the latter section is not within the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq. See N.J.S.A. 2C:1-5(b). Thus if a victim of an *321 offense under N.J.S.A. 2A:170-90.2 follows the remedy the Legislature has provided and files a disorderly persons complaint it may make a private recovery.
We recognize, of course, that the violation in this case was prior to the effective date of the New Jersey Code of Criminal Justice. We do not, however, find it necessary to analyze prior law with respect to the availability of restitution for disorderly persons offenses. Our purpose in citing the restitution provisions of N.J.S.A. 2C:43-3 is not to indicate that they were available to plaintiff. Rather we cite the section to demonstrate that our result does not necessarily preclude consequences similar to civil liability to a corporate officer responsible for a violation of N.J.S.A. 2A:170-90.2. Further in some ways from the view of society as a whole it may be more desirable to have the injured victim recover from judicially imposed restitution than from a civil judgment because the court in imposing restitution may be flexible as to the terms of its application. On the other hand a judgment would simply permit traditional collection methods.
Two developments after Judge Margolis ruled tend to support his decision. The judge noted that cases decided under New York statutory law similar to N.J.S.A. 2A:170-90.2 were contrary to the result he reached but he declined to follow them. On February 16, 1984 the New York Court of Appeals affirmed the decision of the Supreme Court of New York, Appellate Division, in Stoganovic v. DiNolfo, 92 A.D.2d 729, 461 N.Y.S.2d 121 (App.Div. 1983). See 61 N.Y.2d 812, 473 N.Y.S.2d 972, 462 N.E.2d 149 (Ct.App. 1984). Stoganovic was directly contrary to the earlier New York cases imposing liability on corporate officers pursuant to a penal statute under which they could be prosecuted for failure of their corporate employer to make certain payments to employees. The Appellate Division cited the line of cases mentioned by Judge Margolis but it declined to follow them. The Court of Appeals affirmed for the reasons stated by the Appellate Division. In the *322 circumstances we regard the New York cases which Judge Margolis with great prescience refused to follow as overruled.
The second development was our decision in Department of Labor v. Berlanti, 196 N.J. Super. 122 (App.Div. 1984), certif. granted 99 N.J. ___ (1984). In Berlanti we held that the provisions for debarment of a contractor in N.J.S.A. 34:11-56.37 and N.J.S.A. 34:11-56.38 who fails to pay prevailing wages would not extend to a corporate official. We there distinguished between the corporation and its officers and pointed out that the statute did not provide for debarment of officers. Therefore we would not extend the sanction to officers. While Berlanti is certainly not controlling here (indeed even if it had reached a result opposite from that it did we would affirm in this case) it does lend some support to the result reached here.
Affirmed.