207 N.J. Super. 53 (1986)
503 A.2d 907
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MARVIN F. BURTEN, RICHARD A. BURTEN AND HOWARD L. KASKEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 6, 1986.
Decided January 27, 1986.
*55 Before Judges MORTON I. GREENBERG, J.H. COLEMAN and LONG.
John A. Craner argued the cause for appellant (Craner, Nelson, Satkin & Glazner, attorneys; John A. Craner and Lori M. Skoller, on the brief).
Lawrence P. Platkin argued the cause for respondent Howard L. Kaskel and Marvin M. Goldstein argued the cause for respondents Marvin F. Burten and Richard A. Burten (Robinson, Wayne, Levin, Riccio & LaSala, attorneys for respondent Howard L. Kaskel; Arnoff & Merin, of counsel; Grotta, Glassman & Hoffman, attorneys for respondents Marvin F. Burten and Richard A. Burten; Lawrence P. Platkin, Marvin M. Goldstein and Jerome L. Merin, on the brief).
The opinion of the Court was delivered by GREENBERG, P.J.A.D.
This matter comes before the court on appeal from an order of the Law Division dismissing an appeal de novo from the Municipal Court of the Township of Union on the ground that it was untimely. The proceedings though quasi-criminal have been prosecuted by a private attorney retained on behalf of the complainant. See R. 3:23-9(d); R. 7:4-4(b).
The case originated when George Serio, administrator of the Trustees of Joint Welfare Fund of Employers and Local 478, IBT, filed municipal court complaints in Union Township in the name of the State of New Jersey as plaintiff charging defendants Marvin F. Burten, Richard A. Burten and Howard L. Kaskel, officers of Branch Motor Express Co., with the disorderly persons offense of failing to contribute under the company's collective bargaining agreement to the Local 478 Trucking *56 and Allied Industries Pension Fund on behalf of the company's employees in violation of N.J.S.A. 2A:170-90.2.[1] Plaintiff's attorney has indicated that this prosecution was triggered by our decision in Trustees of Local 478 Pension Fund v. Pirozzi, 198 N.J. Super. 318 (App.Div. 1984), affirming 198 N.J.Super 297 (Law Div. 1983), holding that violation of N.J.S.A. 2A:170-90.2 does not create a civil liability. According to plaintiff's attorney, Branch Motor Express is in bankruptcy and presumably is unable to make the contributions. Thus the complaints were filed in the expectation, as set forth in plaintiff's brief, that if defendants were found guilty the court "would, as a condition of any sentence it might impose, require restitution of the trust funds ..." owed to the trustees.
Defendants moved to dismiss the complaint in the municipal court on the grounds that the court lacked territorial and subject matter jurisdiction and the prosecution was barred by preemption of N.J.S.A. 2A:170-90.2 by federal law, the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. § 1001 et seq. They also contended that the privately retained attorney appearing for plaintiff was disqualified from representing it. Comprehensive briefs were filed in support of and in opposition to the motion. Inasmuch as the municipal court judge did not require the attorneys to appear when the motion was listed on June 17, 1985, they did not do so. The record reflects that on that day the following proceedings, which we quote in their entirety, took place in the municipal court:
THE COURT: Is there anyone here on the Castell [sic] or Burten matters?
(NO RESPONSE)
THE COURT: All right. In these matters `I've read the briefs and the argument 
Can you please take the child outside, ma'am? Take the child outside? *57 I've read the briefs and the memorandums of counsel and the reply briefs. I'm satisfied that this Court does not have jurisdiction by reasons of ERISA pre-emption as well as the place of the commission of the offense and I do not think that Mr. Craner would otherwise be disqualified. However, the matter is dismissed today.
Send a copy of the original I've signed to all the attorneys and enter it on the docket.
On the same day the judge signed an order dismissing the complaints.
Insofar as we can ascertain from the record, a copy of the order was not sent to plaintiff's attorney by the court. Further the prosecuting attorney did not then know that this disposition had been made. It appears, however, that the order was sent to the attorneys for one of the defendants as on July 2, 1985 he forwarded a copy of it to plaintiff's attorney who received it that day or the next day. Plaintiff's attorney contends that he did not know of the disposition of the case until that time. On July 12, 1985 plaintiff appealed to the Superior Court, Law Division, Union County.
Defendants moved to dismiss the appeal in the Law Division as untimely under R. 3:24(c) which requires that appeals by the prosecuting attorney from pre-trial or post-trial judgments of courts of limited criminal jurisdiction dismissing a complaint shall be taken within ten days after entry of the order. Defendants' motion came on for argument in the Law Division on August 2, 1985. At that time plaintiff's attorney contended that to require plaintiff to appeal within ten days of the entry of an order of which he had no notice was intolerable. He contended that under State v. Resorts Internat. Hotel, Inc., 173 N.J. Super. 290 (App.Div. 1980), certif. den. 84 N.J. 466 (1980), the time to appeal should be measured from when the order was received by his office. Defendants countered that the time to appeal should be measured from the date of the entry of the order, June 17, 1985, and thus the appeal was untimely. Defendants further asserted under R. 1:3-4 the time could not be enlarged.
*58 The judge agreed with defendants. He indicated that R. 3:24(c) had to be enforced and plaintiff's attorney should have called the municipal court clerk to ascertain when the order was entered. Thus on August 2, 1985 he signed an order dismissing the appeal to the Law Division. Plaintiff has appealed from that order.
We do not find State v. Resorts Internat. Hotel, Inc., supra, 173 N.J. Super. at 290, to be controlling. There the State on March 9, 1979 filed a "notice of motion for leave to appeal" to the Law Division from what we nevertheless think was a final judgment in a municipal court dismissing a criminal complaint for lack of jurisdiction. At that time R. 3:24 provided that either party could seek leave to appeal to the county court (by then superseded by the Superior Court, Law Division) from an interlocutory order of a municipal court. But when the appeal to the Law Division was filed R. 3:24 included no authorization for appeals from pre-trial or post-trial orders of dismissal, a provision which was added, however, on September 10, 1979 prior to our decision. We reversed the Law Division which found the appeal was untimely. While we indicated that if the ten day period for appeal in R. 3:24 was applicable the appeal may have been one day late, we instead applied the 15 day period in R. 2:5-6 allowed for interlocutory appeals, a result we considered appropriate because of the significant legal issues presented. See 173 N.J. Super. at 294-295. But we did not hold that under R. 3:24 the State could appeal from an order of dismissal within ten days of its receipt by the prosecuting attorney.
We find it unnecessary to decide whether or not the time to appeal to the Superior Court, Law Division, from a judgment of dismissal should be measured from the entry of the judgment or the prosecuting attorney's notice of its entry. Undoubtedly in practice the attorneys or interested persons are usually present when cases are decided in a municipal court and thus when there is a prosecuting attorney the date of entry of the judgment and the date of his knowledge of its entry is ordinarily *59 the same. Here we will assume without deciding that the ten days runs from entry of the judgment of dismissal even though the prosecuting attorney had no knowledge of the disposition in the municipal court until July 2 or July 3, 1985.
Notwithstanding that assumption we conclude that the Law Division should have enlarged the time to appeal and entertained the appeal on the merits. The parties seem to have assumed that the ten day period in R. 3:24(c) could not be enlarged and thus their briefs have focused on the computation of time under that rule. Their belief is understandable in view of R. 1:3-4 which provides that unless otherwise expressly provided by rule, a period of time for doing an act may be enlarged by the court or by the parties by consent but that neither the court nor the parties may enlarge the time specified by R. 3:24 for appeals to the Law Division from interlocutory orders of courts of limited criminal jurisdiction.
Nevertheless we are satisfied that the time for the State to appeal from pre-trial and post-trial judgments under R. 3:24 may be enlarged. As we have indicated and as noted in State v. Resorts Internat. Hotel, Inc., supra, 173 N.J. Super. at 294-295, until September 10, 1979, R. 3:24 made no provision for the State to appeal from final judgments of courts of limited jurisdiction. Prior to that date R. 1:3-4(c) prohibited enlargement of time under R. 3:24 for "appeals to the county court from interlocutory orders of courts of limited criminal jurisdiction." But on September 10, 1979 R. 3:24 was amended so as to divide that previously undivided rule into three paragraphs including R. 3:24(b) which for the first time specifically authorized the State to appeal from pre-trial or post-trial judgments of dismissal. At that time, however, R. 1:3-4(c) insofar as it precluded enlargement of time under R. 3:24 was not amended. Rather the preclusion under R. 1:3-4(c) of time enlargements of the ten day period in R. 3:24 continued to refer *60 only to appeals from interlocutory orders without mention of the new provision for appeals from pre-trial or post-trial judgments of dismissal. R. 1:3-4(c) was amended in 1984 to substitute the words "Law Division" for "county court" in recognition of the abolition of the county courts in 1978, see N.J. Const. (1947), Art. VI, § 1, as amended, but the enlargement of the time to appeal in R. 3:24 as prohibited under R. 1:3-4(c) continued to refer only to "interlocutory orders." Thus no rule precludes enlargement of the time for the State to appeal from the dismissal of a complaint if the dismissal is a final order.
It is clear that the dismissal of the complaints in the municipal court was a final rather than interlocutory order. While it is true that the dismissal was not predicated on defendants' factual innocence of the charges (see State v. Barnes, 84 N.J. 362, 371 (1980)), nevertheless the dismissal completely terminated the proceedings. See Nicholas v. Sugar Lo Co., 192 N.J. Super. 444, 450 (App.Div. 1983), certif. den. 96 N.J. 284 (1984). Indeed the fact that a dismissal under R. 3:24(b) is a final judgment is inferentially recognized in R. 3:24(c) which provides that appeals under R. 3:24(b) are taken by filing a notice of appeal rather than a motion for leave to appeal as in the case of an appeal from an interlocutory order under R. 3:24(a). Accordingly only by an expansive reading may R. 1:3-4(c) be read to bar an enlargement of time to appeal an order of dismissal.[2]
We see no reason to make such a reading. Certainly there are differences between interlocutory and final orders which we should consider for purposes of determining whether there may *61 be an enlargement of time to appeal from final judgments. An appeal from an interlocutory order can be taken only by leave of court whereas an appeal from a final judgment may be taken as of right. Further, if leave to file an interlocutory appeal is granted proceedings in the trial court will ordinarily be delayed. In addition, inasmuch as the failure to move for leave to file an interlocutory appeal will not, at least in the case of a defendant, necessarily preclude an appeal of an issue after final judgment, a decision not to file such a motion may not be critical.[3]
In view of the differences between interlocutory appeals and appeals from final judgments, it is not surprising that in the usual case in which the defendant is the appellant from a municipal court, the rules draw a distinction between enlargement of the time for appeal to the Law Division from interlocutory and final orders of the municipal court. R. 1:3-4(c) prohibits the enlargement of time for appeals to the Law Division from interlocutory orders by a defendant as well as the State. On the other hand a defendant may upon a showing of good cause and the absence of prejudice obtain an extension of not more than 20 days to appeal to the Law Division from a final municipal court judgment. R. 1:3-4; R. 3:23-2. While it would be desirable for the rules to establish expressly what is the limitation on enlargement of the time for the State to appeal, in the absence of such a rule we hold that the State upon demonstrating good cause and the absence of prejudice may obtain an enlargement of not more than 20 days, the same period afforded *62 a defendant, to appeal from a pre-trial or post-trial judgment of a court of limited criminal jurisdiction dismissing a complaint.
In view of our disposition we could remand the matter to the Law Division to determine whether the time should be enlarged as that court did not consider that question. We prefer, however, to exercise our original jurisdiction and decide the issue. See R. 2:10-5. Here there undoubtedly is good cause for the extension as the prosecuting attorney did not know of the dismissal until July 2 or July 3, 1985, 15 or 16 days after it was entered. The State then appealed within ten days of that time or 25 days after the dismissal in the municipal court. The appeal was thus taken well within the 20 day possible enlargement period. Further we cannot fault the prosecuting attorney for not realizing that the case had been decided in the municipal court as it would not have been surprising in view of the complexity of the issues if the municipal court judge had delayed a decision beyond June 17, 1985. Further, as in State v. Resorts Internat. Hotel, Inc., supra, 173 N.J. Super. at 295, we think the important issues in this case should be resolved on the merits. Finally we see no reason in the record to believe defendants would be prejudiced by an enlargement of the time to appeal to July 12, 1985 from June 27, 1985, ten days after entry of the judgment.[4]
The order of August 2, 1985 in the Law Division dismissing the appeal is reversed and the appeal de novo is reinstated in that court. The matter is remanded to the Superior Court, Law Division, Union County, for disposition. We do not retain jurisdiction.
NOTES
[1] Actually the complaints were imprecise as they simply stated defendants were required to make the payments without clearly saying they had not done so but defendants understood the charge.
[2] We are aware that the comment to R. 3:24 indicates that R. 3:24(b) deals with "the interlocutory appeal as of right." We do not understand this to mean that the author considers an appeal under R. 3:24(b) as interlocutory in nature. Rather we take the comment to refer to the scope of R. 3:24 prior to September 10, 1979.
[3] We recognize that under R. 3:23-8(c) by filing an appeal to the Law Division a defendant may waive certain defects and consent to amendment of the complaint. See State v. Duthie, 200 N.J. Super. 19, 24 (App.Div. 1985). However the appeal would not waive such errors as the municipal court having erroneously admitted hearsay evidence and consequently on an appeal de novo a defendant who objected in the municipal court to the admission of hearsay evidence could continue the objection in the Law Division and ask the judge to disregard the hearsay even though he did not seek leave to file an interlocutory appeal from the evidentiary ruling.
[4] We recognize that under R. 2:10-5 we could decide the remaining issues in this case. We decline to do so as they have not been briefed and are unrelated to the issues on the appeal.