219 N.J. Super. 156 (1987)
530 A.2d 30
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MARVIN F. BURTEN, RICHARD A. BURTEN AND HOWARD L. KASKEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1987.
Decided January 20, 1987.
John A. Craner argued the cause for appellant (Craner, Nelson, Satkin & Glazner, attorneys).
*157 Marvin M. Goldstein argued the cause for respondents Marvin F. Burten and Richard A. Burten (Grotta, Glassman & Hoffman, attorneys).
Lawrence P. Platkin argued the cause for respondent Howard L. Kaskel (Robinson, Wayne, Levin, Riccio & LaSala, attorneys).
Alan A. Sant'Angelo, Deputy Attorney General, argued the cause for W. Cary Edwards, Attorney General, amicus curiae.
W. Cary Edwards, attorney pro se.
Before Judges MORTON I. GREENBERG, J.H. COLEMAN and R.S. COHEN.
PER CURIAM.
Following our remand of these proceedings reported at 207 N.J. Super. 53 (App.Div. 1986), the matter came on before Judge Wertheimer who decided the matter in a comprehensive written opinion dated June 20, 1986, 219 N.J. Super. 339. In his opinion he concluded that the prosecution was barred by federal preemption. Consequently, on July 7, 1986 he entered an order dismissing the complaints. We are in full agreement with Judge Wertheimer and affirm his order substantially for the reasons set forth in his written opinion.
In reaching our result we recognize that we undercut our dictum in Trustees of Local 478 Pension Fund v. Pirozzi, 198 N.J. Super. 318, 320 (App.Div. 1984), that a victim of an offense under N.J.S.A. 2A:170-90.2 may be able to obtain monetary relief by way of restitution as an incident of the disposition of a disorderly persons offense conviction. In this regard, we note that in the Pirozzi case the court did not pass on the preemption question as it appears not to have been raised by the defendants there.
Affirmed.