228 N.J. Super. 314 (1988)
549 A.2d 871
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES N. LATORRE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1988.
Decided October 20, 1988.
*315 Before Judges PRESSLER and SCALERA.
Patrick X. Amoresano argued the cause for appellant (Beattie, Padovano, Breslin, Dunn and Kafafian, attorneys, Patrick X. Amoresano, on the letter brief).
Terri Del Greco, Assistant Prosecutor, argued the cause for respondent (Larry J. McClure, Bergen County Prosecutor, attorney, Susan W. Sciacca, Assistant Prosecutor, of counsel, Terri Del Greco, on the letter brief).
The opinion of the court was delivered by SCALERA, J.A.D.
The issue here is whether a police officer's failure to sign a summons issued to defendant for driving while intoxicated renders it fatally defective.
On April 25, 1987 at 12:54 a.m., defendant Charles N. Latorre was arrested in the Borough of Glen Rock. Two summonses were issued to him by a Borough police officer at the time of his arrest. Summons No. A131135 cited him for a violation of N.J.S.A. 39:4-50, driving while intoxicated (DWI). Summons *316 No. A131136 charged him with violation of N.J.S.A. 39:4-129, leaving the scene of an accident. Both were filled out by the same police officer; both indicated a court return date of April 28, 1987. On No. A131135 (DWI) however, the officer did not append his signature but he did write in all of the other pertinent information including his "Officer's I.D. No." which he indicated to be "64." On A131136, he affixed his signature, (which was hardly legible), and again indicated his identification number.
A few hours later, at 3:50 a.m., Latorre was again arrested by another Glen Rock police officer, who issued two summonses properly charging him with another DWI offense and speeding.
Latorre's attorney entered an appearance for him on April 24, 1987 and requested an adjournment of the scheduled court date in order to "receive discovery, [and] investigate the matter." Thereafter he entered pleas of not guilty on defendant's behalf by mail and acknowledged a new trial date of June 9, 1987. In a letter brief filed on June 12, 1987 he confirmed that he had appeared in court on June 9, 1987 and had the opportunity at that time to talk to both of the complainant officers who had issued the four summonses. In that letter he also briefed the legal issue concerning the lack of a signature on the DWI summons. On June 23, 1987 defendant's motion to dismiss the one DWI summons due to the lack of the officer's signature was considered by the municipal court judge. After hearing oral arguments, the court reserved decision. On July 17, 1987 it notified defendant's attorney that the motion had been denied. The matter was scheduled for trial on August 4, 1987, at which time defendant was allowed to enter a plea of guilty to the other three charges and a "conditional "plea of guilty" to the first DWI charge, reserving the right to appeal from the *317 denial of his motion to dismiss.[1]
The defendant appealed the denial to the Law Division of the Superior Court which upheld the municipal court judge's decision, reasoning that the issuing police officer had "appropriately issued a summons by physically writing out, stamping his badge number if you will ... and handing it to a defendant as they tuck him in the police car, to drive him home."
On this appeal defendant urges that we find that the DWI summons was so defective because of the officer's failure to sign it that it deprived the court of both "personal and subject matter jurisdiction." The State contends that such an omission "is merely a technical insufficiency that does not affect jurisdiction."
Jurisdiction to try motor vehicle violations (including DWI) is conferred upon the municipal courts pursuant to N.J.S.A. 2A:8-21a and their decisions are reviewable by de novo review in the Superior Court. N.J.S.A. 2A:3-6; R. 3:23-1 et seq. When a police officer observes a violation of any motor vehicle law he may issue and serve a summons upon the alleged violator instead of physically arresting him. N.J.S.A. 39:5-25. The form of the summons to be so issued has been made uniform by the Administrative Director of the Courts pursuant to R. 7:3-1 and R. 7:6-1. That approved form calls for the signature of the "complainant" as well as an "officer's I.D. No."
With respect to traffic offenses, R. 7:6-1(b) provides,
The complaint may be made and signed by a law enforcement officer, or by any other person, but the summons shall be signed and issued only by such officer, or the judge, clerk or deputy clerk of the court in which the complaint is, or is to be filed. R. 7:3 relating to warrants and summons in respect of nonindictable offenses generally, shall be applicable to cases involving a traffic offense, except as otherwise herein provided.
*318 Our court rules have also addressed the related question of the allowable procedure in case of the issuance of a defective summons.
R. 3:3-4 provides that
(a) Amendment. No person arrested under a warrant or appearing in response to a summons shall be discharged from custody or dismissed because of any technical insufficiency or irregularity in the warrant or summons, but the warrant or summons may be amended to remedy any such technical defect.
(b) Issuance of New Warrant or Summons. If prior to or during the hearing as to probable cause, it appears that the warrant executed or summons issued does not properly name or describe the defendant, or the offense with which he is charged, or that although not guilty of the offense specified in the warrant or summons there is reasonable ground to believe that he is guilty of some other offense, the court shall not discharge or dismiss the defendant but shall forthwith cause a new complaint to be filed and thereupon issue a new warrant or summons.
Relating specifically to municipal court matters, R. 7:10-2 provides,
The court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial but no such amendment shall be permitted which charges a different substantive offense (other than a lesser included offense). If the defendant is surprised as a result of such amendment, the court shall adjourn the hearing to some future day, upon appropriate terms.
We have recently reiterated the principle that the issuance of a summons carries with it a constitutional imperative that a determination of probable cause be made by the issuing officer. State v. Ross, 189 N.J. Super. 67, 74 (App.Div. 1983). In this case that requirement presumably has been met and, indeed, defendant does not raise the issue. Rather, he argues that the absence of the signature of the officer renders the summons fatally defective as though it had never been issued at all, citing Grauzauskas v. State, 2 N.J. Misc. 307 (Sup.Ct. 1924); Brewster v. Wilson, 3 N.J. Misc. 526 (Sup.Ct. 1925) and Grosky v. McGovern, 133 N.J.L. 277 (Sup.Ct. 1945) for support of that proposition. However, we regard these authorities as being inapposite to the situation presented here.
The general subject matter of the effect of the omission of a signature on court process has been the subject of discussion *319 by various authorities with mixed results depending upon the nature of the process and its importance in achieving compliance with certain statutory and other prerogatives. See 62 Am.Jur.2d, Process, § 9, at 792-793 (1972) and Annotation, "Process  Omission Of Signature," 37 A.L.R.2d 928 (1953). Some courts have held that the absence of the signature of the issuing official is fatal to its efficacy while others have determined that it constitutes an amendable defect depending upon the factual circumstances. Id.
Here defendant received ample and fair notice of the nature of the charge against him and obviously was aware of when and where it was alleged that the violation had occurred. He also should have been aware of the identity of the complainant officer. In the absence of such direct knowledge he, or someone on his behalf, could have gleaned that information simply by looking at the second sequential summons that had been issued at the same time by the same officer and also by reference to the officer's identification (or badge) number which had been inscribed on both summons. Given the fact that he was or should have been aware of these essential facts, under these circumstances the cited provisions of our court rules, which liberally allow amendments, were particularly applicable. Indeed, had the State moved timely to cure the defect even at the trial date (notwithstanding that the 60 day limitation of N.J.S.A. 39:5-3 had expired) such relief would have been appropriate. R. 3:3-4; R. 7:10-2. See also State v. Bierilo, 38 N.J. Super. 581 (App.Div. 1956).
Thus, while we refuse to adopt a per se rule concerning whether such an omission is or is not fatally defective, we hold that such a decision necessarily depends on the circumstances of each case involving considerations such as whether fundamental fairness has been satisfied or a defendant has been truly prejudiced by the asserted omission in the summons. As we have noted, no such prejudice has been demonstrated here. In sum, while we do not consider the improper execution *320 of such a summons always to amount to "a minor technical insufficiency" as urged by the State, in the circumstances presented here the omission of the officer's signature did not deprive defendant of any constitutional, statutory or other imperative.
Hence, we affirm the trial court's denial of the motion to dismiss the summons for DWI and confirm defendant's conviction and sentence in all respects.
NOTES
[1] The State has not challenged defendant's right to enter such a conditional plea at the municipal court level and we elect not to consider that issue at this time. Cf. R. 3:9-3(f).