686 A.2d 1202

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
SCOTT J. SIRVENT, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1996—Decided January 7, 1997.

280

Before Judges PRESSLER, STERN and WECKER.

*Anthony M. Arbore* argued the cause for appellant (*Forster & Arbore*, attorneys; *Mr. Arbore* and *Robert G. Wilson*, on the brief and reply letter brief).

*Michael F. Jan*, Assistant Morris County Prosecutor, argued the cause for respondent (*John B. Dangler*, Morris County Prosecutor, attorney; *Joseph Connor, Jr.*, Assistant Prosecutor, on the letter brief).

The opinion of the court was delivered by

STERN, J.A.D.

Defendant, Scott J. Sirvent, appeals from an order of the Law Division denying his motion to dismiss the State's appeal from orders of the Municipal Court of Parsippany–Troy Hills dismissing motor vehicle complaints filed against him, denying his "Motion to Dismiss the summonses and complaints against defendant as not timely filed under *N.J.S.A.* 39:5–3," and remanding the case to the municipal court for trial. Defendant contends that the municipal complaints were barred as untimely under *N.J.S.A.* 39:5–3, that the doctrine of equitable estoppel cannot be used to render them timely as held by the Law Division and that, in any event, the State's appeal to the Law Division from the dismissal of the complaints by the municipal court was itself untimely.

The alleged offenses occurred on September 22, 1994 when complaint-summonses for driving while intoxicated (*N.J.S.A.* 39:4–50), careless driving (*N.J.S.A.* 39:4–97), and driving without a license (*N.J.S.A.* 39:3–29), were issued to the driver of an automobile stopped by a Parsippany police officer. When defendant's brother Joseph J. Sirvent (in whose name the tickets were issued) arrived for the municipal court proceedings on December 7, 1994, the issuing officer noticed, and the prosecutor reported, that the person "currently in court" "was not the person who was stopped by the officer." The prosecutor also indicated that he would "be

moving to amend this charge of the moment to appear as John Doe because we are concerned about the possibility of the statute of limitations running on this matter," but added "[w]e suspect who the other individual is" and that "[w]hen the other individual is found we will proceed on these charges and I anticipate other charges as well."

The municipal court judge granted the prosecutor's motion and amended the complaints against "Joseph J. Sirvent" to name "John Doe." In his brief before us, defendant states that "after an investigation by the police, the motor vehicle charges were brought against Scott Sirvent." He cites a complaint-summons dated December 13, 1994, charging Scott J. Sirvent with obstructing justice, *N.J.S.A.* 2C:29–1, and volunteering false information to a police officer to hinder his own prosecution, *N.J.S.A.* 2C:29–3b(1). In his opinion the Law Division judge also found that "the motor vehicle summons were issued to defendant Scott Sirvent" on December 13, 1994. While the motor vehicle complaints apparently were never amended to charge this defendant by name, the new complaint-summons, after charging the title 2C offenses, stated "[a]lso MV Summons B151867, B151868, B151869 for 39:4–97, 39:3–29[,] 39:4–50." These are the numbers of the motor vehicle tickets originally issued in the name of Joseph J. Sirvent, which had been amended to charge "John Doe."

Defendant expressly acknowledges that he was the person who was given the summonses after being stopped on September 22, 1994. Nevertheless, on November 15, 1995, he was successful in convincing a municipal court judge to dismiss the motor vehicle charges because they were not timely filed against him in his own name. The State filed an appeal in the Law Division on December 5, 1995, although the orders of dismissal of the case against "Scott J. Sirvent" were not executed or entered by the municipal court until December 14, 1995. Defendant argues that the appeal was untimely following the November 15, 1995 decision and that the Law Division erred in reversing the dismissal.

## I.

We deal first with the appealability of the municipal court dismissals. Defendant's argument addressed to the appealability is twofold. He contends that because the municipal court judge noted the dismissals on the back of the motor vehicle complaints on November 15, 1995, the prosecutor's appeal was untimely because it was filed beyond the ten days in which an appeal had to be taken pursuant to *R.* 3:24. He also contends that the subsequent dismissal orders of December 14, 1995 were a nullity by virtue of the prior dismissals, and that the December 5, 1995 notice of appeal could not apply to a subsequently entered dismissal.

Defendant's arguments have some facial appeal. *R.* 1:3–4(c) prohibits enlargement of the ten-day period for appeals under *R.* 3:24. However, the reference in *R.* 1:3–4(c) to the prohibition of enlargement of time refers to "*R.* 3:24 (appeals to the Law Division from *interlocutory orders* of courts of limited criminal jurisdiction)" (emphasis added).

As we explained in *State v. Burten,* 207 *N.J.Super.* 53, 57–62, 503 A.2d 907 (App.Div.1986), the reference to *R.* 3:24 in *R.* 1:3–4(c) was adopted when *R.* 3:24 permitted only applications for review of interlocutory orders of a municipal court and at a time when only a defendant could appeal from a final judgment of a municipal court, pursuant to *R.* 3:23. *See R.* 3:23 ("Appeals from Judgments of Conviction in Courts of Limited Criminal Jurisdiction"). When the Supreme Court amended *R.* 3:24 in 1979 to permit the State to appeal from pre-trial or post-trial dismissals, following the evolution of case law concerning such appeals from dispositions that have no jeopardy consequences,[1] the parenthetical reference to *R.* 3:24 in *R.* 1:3–4(c) was not amended to delete the reference to

---

[1] *See, e.g., United States v. Scott,* 437 *U.S.* 82, 98 *S.Ct.* 2187, 57 *L. Ed.*2d 65 (1978); *State v. Lynch,* 79 *N.J.* 327, 340–43, 399 *A.2d* 629 (1979). *See also* Reports of the Supreme Court Criminal Practice Committee Parts I and III regarding Rules 2:3–1(b), 3:24 and 7:4–2, 103 *N.J.L.J.* 413, 417 (May 3, 1979).

interlocutory appeals. As a result, in *Burten, supra,* we had to consider the impact of the parenthetical reference in *R.* 1:3–4(c) to interlocutory orders.

We concluded that there was no preclusion to an enlargement of the time in which the State could appeal from the dismissal of a complaint embodied in a final judgment. *See Burten, supra,* 207 *N.J.Super.* at 59–60, 503 *A.*2d 907. We stated that:

> In view of the differences between interlocutory appeals and appeals from final judgments, it is not surprising that in the usual case in which the defendant is the appellant from a municipal court, the rules draw a distinction between enlargement of the time for appeal to the Law Division from interlocutory and final orders of the municipal court. *R.* 1:3–4(c) prohibits the enlargement of time for appeals to the Law Division from interlocutory orders by a defendant as well as the State. On the other hand a defendant may upon a showing of good cause and the absence of prejudice obtain an extension of not more than 20 days to appeal to the Law Division from a final municipal court judgment. *R.* 1:3–4; *R.* 3:23–2. While it would be desirable for the rules to establish expressly what is the limitation on enlargement of the time for the State to appeal, in the absence of such a rule we hold that the State upon demonstrating good cause and the absence of prejudice may obtain an enlargement of not more than 20 days, the same period afforded a defendant, to appeal from a pre-trial or post-trial judgment of a court of limited criminal jurisdiction dismissing a complaint.
>
> [*Id.* at 61–62, 503 *A.*2d 907.[2]]

*R.* 3:23–2 was thereafter amended, effective January 1, 1987, to allow a defendant twenty days to appeal from a judgment of conviction, instead of ten days enlargeable by another ten days to a period not exceeding twenty days. In 1992, the reference to *R.* 3:23–2 in *R.* 1:3–4(b) was deleted, and relaxation of the twenty-day period was prohibited by its incorporation into *R.* 1:3–4(c). In the interim, *R.* 1:3–4(c)'s parenthetical reference to "interlocutory orders" with respect to *R.* 3:24 remained unchanged.

*R.* 3:24 was again amended on June 9, 1989, effective on June 19, 1989. At that time the Supreme Court authorized municipal court judges to entertain motions to suppress arising out of

---

[2] On remand, the *Burten* prosecution was dismissed on preemption grounds. *See State v. Burten,* 219 *N.J.Super.* 339, 530 *A.2d* 363 (App.Div.1986), *aff'd o.b.,* 219 *N.J.Super.* 156, 530 *A.2d* 30 (App.Div.), *certif. denied,* 107 *N.J.* 144, 526 *A.2d* 206 (1987).

warrantless searches with respect to matters which can be tried within their jurisdiction. *See also R.* 3:5–7(a). The amendment to *R.* 3:24 implemented that jurisdiction by further amending *R.* 3:24(b) to permit the prosecutor to appeal from the grant of a motion to suppress as if it were a final judgment. As to such appeals, the Supreme Court also provided, in *R.* 3:24(c), that the prosecutor could appeal from the grant of a motion to suppress within thirty days after entry of the order suppressing evidence. *See R.* 3:24(c). *R.* 3:24(d) was simultaneously adopted with respect to the scope of an appeal to the Law Division from the grant of a motion to suppress.

As with the amendment to *R.* 3:24 in 1979, the reference in *R.* 1:3–4(c) to interlocutory orders was not amended at the time of the 1989 amendments. Hence, we hold that the approach taken in *Burten* with respect to the interrelationship between *R.* 1:3–4(c) and *R.* 3:24 is still viable, and that the ten-day period in which the State may appeal from a pretrial dismissal of a municipal court complaint may be enlarged to a maximum of twenty days.[3]

## II.

We reject defendant's arguments that the appeal was untimely even under the *Burten* rationale with respect to final judgments. The Law Division judge ruled that, given the 1987 amendment to *R.* 3:23–2 and the *Burten* rationale, the State should have a similar twenty-day period in which to appeal under *R.* 3:24. Alternatively, the judge held that there was "good cause" for the ten-day

---

[3] Like the panel in *Burten,* we believe that it is still "desirable for the rules to establish expressly what is the limitation on enlargement of the time for the State to appeal" from a final judgment in a municipal court. 207 *N.J.Super.* at 61, 503 *A.2d* 907. Accordingly, we are referring the matter to the Criminal and Municipal Practice Committees with the request that they make their recommendations known to the Civil Practice Committee which has primary rule recommendation jurisdiction with respect to the rules of general application embodied in Part I.

extension and an "absence of prejudice" because defendant had been aware of the charges.

Defendant contends that the municipal court complaints were dismissed on November 15, 1995 when the municipal court judge noted the dismissals on the back of the motor vehicle complaints and that, therefore, the ten days ran on November 25, 1995 (actually, November 27, 1995 because November 25 was a Saturday, *see R.* 1:3–1). Defendant further contends, as noted above, that the ten day period in which to appeal is not enlargeable, and alternatively asserts that even if the *Burten* rationale is applicable, the State has not shown "good cause" or the "absence of prejudice" warranting the extension to December 5, the twentieth day following dismissal. *See Burten, supra,* 207 *N.J.Super.* at 61, 503 *A.*2d 907.

The parties dispute whether the dismissals were entered by the notations on the back of the complaints on November 15, 1995, or by the judge's entry of the orders of dismissal one month later on December 14, 1995. However, we need not develop in detail the procedure for dispositions in municipal courts or the interrelationship between *R.* 3:1–4 ("Orders; Form; Entry") and Part VII of the rules. *See R.* 7:1 (incorporating Part III rules). As in *Burten:*

> We find it unnecessary to decide whether or not the time to appeal to the Superior Court, Law Division, from a judgment of dismissal should be measured from the entry of the judgment or the prosecuting attorney's notice of its entry. Undoubtedly in practice the attorneys or interested persons are usually present when cases are decided in a municipal court and thus when there is a prosecuting attorney the date of entry of the judgment and the date of his knowledge of its entry is ordinarily the same. Here we will assume without deciding that the ten days runs from entry of the judgment of dismissal even [when] the prosecuting attorney had no knowledge of the disposition in the municipal court until [a later date].

> [*Burten, supra,* 207 *N.J.Super.* at 58–59, 503 *A.*2d 907.]

A municipal prosecutor was present in court on November 15, 1995 and unsuccessfully opposed defendant's application to dismiss the motor vehicle charges. We will, therefore, assume that the dismissals were entered, for appealability purposes, when the

judge indicated, on the record at the proceedings of November 15, 1995, that the complaints would be dismissed. He also noted the dismissal on the back of the complaints that day. Hence, the State had to file its appeal by November 25, 1995. But as there is no limitation directed to the time in which the State could seek enlargement of the ten-day period in which to appeal, the State could seek an additional ten days "before or after" that period expired, *R.* 1:3–4(a), provided the appeal was actually filed by December 5, 1995. Hence, the Law Division could grant the enlargement at the time it heard the municipal appeal.

■ We conclude that the Law Division did not abuse its discretion by entertaining the appeal filed in the Law Division on December 5, 1995. In that connection we note that the motor vehicle complaints served upon defendant were never actually amended from "John Doe" to specifically name him and that the new complaint charging defendant with the 2C offenses and referring to the motor vehicle complaints was not dismissed. Thus—although the State's rationale for "good cause" related to a question concerning whether the County or Municipal prosecutor was going to file the appeal and how municipal funds could be generated to pay the filing fee—the State had reason to believe that the case against Scott Sirvent was not, in fact, dismissed on November 15, 1995. In any event, the extension until December 5 for filing the appeal was not inappropriate.

■ Defendant also argues that the appeal filed on December 5, 1995 was premature and that no timely appeal was filed following the entry of the December 14 orders of dismissal. However, on the thesis that the orders were not entered until December 14, 1995, the State's notice of appeal, dated December 5, 1995, was filed before the ten-day time period embodied in *R.* 3:24 elapsed (or even began). Thus, while a party may well be able to secure dismissal of a premature notice of appeal filed before the order appealed from is entered, once the order was entered the Law Division could proceed with the appeal absent a prior dismissal of the premature notice. *Cf. Echelon Glen Coop. v. Voorhees Town-*

*ship,* 275 *N.J.Super.* 441, 646 *A.*2d 498 (App.Div.), *certif. denied,* 138 *N.J.* 272, 649 *A.*2d 1291 (1994) (jurisdiction of Tax Court continued in the absence of a motion to dismiss appeal where statutory prerequisite to appeal had not been satisfied); *Palm Beach Mercantile Co. v. Ivers,* 2 *N.J.Super.* 5, 9, 64 *A.*2d 367 (App.Div.1949) ("[T]he circumstance that the judge did not sign the order until the day after the appeal was taken, does not affect the merits and should not be permitted to deprive the aggrieved party of his appeal.")

## III.

We affirm the Law Division's determination that the municipal court improperly dismissed the DWI, careless driving and driver's license motor vehicle complaints. Defendant argues that the complaints against him were untimely because of *N.J.S.A.* 39:5–3, which provides in pertinent part:

> When a person has violated a provision of this subtitle [Motor Vehicle and Traffic Laws], the judge may, within 30 days after the commission of the offense, issue process directed to a constable, police officer or the director for the appearance or arrest of the person charged.

We need not decide whether this provision constitutes a statute of limitations, an issue expressly reserved by the Supreme Court. *See State v. Celmer,* 80 *N.J.* 405, 419, 404 *A.*2d 1 (1979), *cert. denied,* 444 *U.S.* 951, 100 *S.Ct.* 424, 62 *L. Ed.*2d 321 (1979); *see also State v. Brennan,* 229 *N.J.Super.* 342, 551 *A.*2d 560 (App.Div. 1988); *State v. Latorre,* 228 *N.J.Super.* 314, 549 *A.*2d 871 (App. Div.1988); *State v. Wallace,* 201 *N.J.Super.* 608, 493 *A.*2d 645 (Law Div.1985). Here, copies of the complaints were personally served upon defendant before his release on the complaint-summonses. Defendant at oral argument before us expressly confirmed that he was the person who received the summonses at the time the complaints were issued.[4] Stated differently, defendant acknowledges that the complaint-summonses in his brother's name

---

[4] We need not consider the procedure to be utilized for deciding the issue if defendant contested this fact.

were served upon him when he was stopped or before his release from the police station the night he was stopped and the tickets were issued.

*R.* 7:6–1(a) authorizes the use of "a uniform traffic ticket" embodying the summons and complaint in traffic cases. That form was used in this case. *R.* 7:6–1(b) provides for the issuance of complaints charging traffic offenses. It provides:

(b) Issuance. The complaint may be made and signed by a law enforcement officer, or by any other person, but the summons shall be signed and issued only by such officer, or the judge, clerk or deputy clerk, municipal court administrator or deputy court administrator of the court in which the complaint is, or is to be filed. *R.* 7:3 relating to warrants and summons in respect of nonindictable offenses generally, shall be applicable to cases involving a traffic offense, except as otherwise herein provided. In cases involving traffic offenses where bail is to be fixed, the judge, clerk or deputy clerk, municipal court administrator or deputy court administrator of the court where the complaint is filed shall determine that there is probable cause to believe that the offense has been committed and that the defendant has committed it. In all other cases involving traffic offenses there shall be no requirement for a finding of probable cause.

*N.J.S.A.* 39:5–3, regarding the issuance of process, was fully complied with in light of the issuance of process pursuant to *R.* 7:6–1(b).

The issue before the municipal court dealt not with issuance of process to defendant, but with the name of the defendant who was, in fact, stopped and served. *Cf. State v. Bain,* 212 *N.J.Super.* 548, 553, 515 *A.*2d 1228 (App.Div.), *certif. denied,* 107 *N.J.* 68, 526 *A.*2d 151 (1986). An argument, similar to the one advanced by defendant, was properly rejected by the Law Division in *State v. Rondinone,* 291 *N.J.Super.* 489, 677 *A.*2d 824 (Law Div.1996). There, the Law Division was confronted with a motion to dismiss a DWI complaint-summons served upon a driver who was in possession of and produced somebody else's license. The summons was issued in the name of the licensee. As Judge Conte explained:

[D]efendant's argument that the summonses should be dismissed ... fails since the defendant was issued a summons at the scene of the violation on August 20, 1994, albeit in the wrong name. The fact that the summons was issued in the name of Michael Ottomanelli does not change the fact that defendant was personally issued process thereby giving him sufficient notice of the violation so that he was not forced to defend a stale claim. Therefore, process was issued within thirty days of

the occurrence as directed by *N.J.S.A.* 39:5–3 and defendant's convictions for [violations of chapters 3 and 4 of Title 39] must not be reversed on statute of limitations grounds.

[291 <i>N.J.Super.</i> at 496, 677 A.2d 824.] 5

*See also Latorre, supra,* 228 *N.J.Super.* at 319, 549 A.2d 871 ("Given the fact that [defendant] was or should have been aware of [the] essential facts [embodied in the complaint] ... had the State moved timely to cure the defect even at the trial date (notwithstanding that the ... limitation of *N.J.S.A.* 39:5–3 had expired) such relief would have been appropriate"). Moreover, R. 7:10–2 specifically provides that the municipal court:

> may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial but no such amendment shall be permitted which charges a different substantive offense (other than a lesser included offense). If the defendant is surprised as a result of such amendment, the court shall adjourn the hearing to some future day, upon appropriate terms.

*See also R.* 3:7–4 with regard to indictable offenses; *State v. Gillison,* 153 *N.J.Super.* 65, 378 A.2d 1178 (Law Div.1977) (denying a motion to dismiss an indictment because the perpetrator was misnamed).

In light of our holding, we need not consider the State's argument that the doctrine of equitable estoppel provides a basis for tolling the time limits of *N.J.S.A.* 39:5–3.

---

5 Judge Conte also noted that

> when the original summons ... was dismissed, the charges remained pending until the identity of the real defendant could be ascertained. Since the original summons was deficient in that it incorrectly identified defendant, the Superior Court [Law Division] on appeal from the municipal court conviction has a duty to amend the original complaint pursuant to *R.* 3:23–8(c) despite the passage of thirty days beyond the date of the offense.
> [<i>Id.</i> at 499, 677 A.2d 824.]

Here, the municipal court complaints were amended to charge "John Doe" and should have been reamended to charge defendant once it was established that the uniform traffic tickets were issued to him. However, the Law Division could amend the "John Doe" complaints based on the appeal following their dismissal even if there was no application to the municipal judge to do so.

## IV.

The judgment of the Law Division is affirmed, and the matter is remanded to the municipal court of Parsippany for further proceedings.

Affirmed.