831 A.2d 126 (2003)
363 N.J. Super. 108
STATE of New Jersey, Plaintiff-Appellant,
v.
John W. FISHER, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted September 9, 2003.
Decided September 18, 2003.
*127 Michael M. Rubbinaccio, Morris County Prosecutor, for appellant (Joseph Connor, Jr., Assistant Prosecutor, of counsel and on the brief).
Paul M. Selitto, Denville, for respondent.
Before Judges PRESSLER, ALLEY and PARKER.
The opinion of the court was delivered by PARKER, J.A.D.
The State appeals from the reversal of defendant's conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50, after de novo review in the Superior Court.
When defendant was stopped for motor vehicle violations on March 23, 2002, he was issued three summonses charging him with failing to keep right, failing to signal and DWI. The two summonses for failure to keep right and failure to signal were signed by the officer, but the third summons for DWI was not. Defendant moved in municipal court to dismiss the DWI charge on the ground that the summons was not signed by the officer. When that motion was denied, he pled guilty conditionally and appealed to the Superior Court. In a written decision dated March 17, 2003, Judge John Harper reversed the DWI conviction and found defendant not guilty, relying upon State v. Brennan, 229 N.J.Super. 342, 349, 551 A.2d 560, 564 (App.Div.1988), and N.J.S.A. 39:5-3.
The State appeals under R. 2:3-1b(1), arguing that State v. Latorre, 228 N.J.Super. 314, 549 A.2d 871 (App.Div. 1988), supports affirmance of a conviction where an officer fails to sign the summons and there are no due process violations. The State contends that defendant was advised of his rights, had a court appearance within the thirty-day statute of limitations and was fully apprised of the charges against him.
In Latorre, we noted that "the issuance of a summons carries with it a constitutional imperative that a determination of probable cause be made by the issuing officer." Latorre, supra, 228 N.J.Super. at 318, 549 A.2d at 873 (citing State v. Ross, 189 N.J.Super. 67, 74, 458 A.2d 1299, 1302-03 (App.Div.), certif. denied, 95 N.J. 197, 470 A.2d 419 (1983)). We nevertheless allowed for a presumption of probable cause in cases where "fundamental fairness has been satisfied or a defendant has [not] been truly prejudiced by the asserted omission in the summons." Id. at 319, 549 A.2d at 874.
In Brennan, we acknowledged that the officer's failure to sign the summons within the thirty-day limitation prescribed in N.J.S.A. 39:5-3 was a "technical omission." Nevertheless, we held:
that failure to sign the complaint within 30 days, and thereby certify that there are reasonable grounds to believe the offense has been committed by the defendant, would be a fatal defect within *128 the intendment of N.J.S.A. 39:5-3. The process or summons "issued" ought not be sustained without a timely complaint as its basis.
[Brennan, supra, 229 N.J.Super. at 349, 551 A.2d at 564.]
Subsequent to Brennan and Latorre, the Supreme Court held that a police officer is duty-bound to issue a citation only upon probable cause and by signing the summons, the officer so attests. State v. Gonzalez, 114 N.J. 592, 601, 556 A.2d 323, 327 (1989). Moreover, R. 7:2-1(b)(2) (formerly R. 7:6-1) requires a summons to be signed by "a law enforcement officer or the judge, municipal court administrator or deputy court administrator of the court having territorial jurisdiction." Absent the police officer's or a court officer's signature, the summons lacks an attestation of probable cause. Gonzalez, supra, 114 N.J. at 601, 556 A.2d at 327.
Reviewing our decisions in Brennan and Latorre in conjunction with Gonzalez and R. 7:2-1(b)(2), we find the reasoning in Brennan more compelling. We are satisfied that Judge Harper's analysis of the law is correct. Procedurally, however, the DWI charge should be dismissed. R. 7:8-5.
Accordingly, we vacate the judgment of acquittal and remand to the Law Division for entry of an order dismissing summons BTN6436 charging DWI.