852 A.2d 1074

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
JOHN W. FISHER, DEFENDANT–RESPONDENT.

Argued April 27, 2004—Decided July 12, 2004.

464

*Joseph P. Connor, Jr.,* Assistant Prosecutor, argued the cause for appellant (*Michael M. Rubbinaccio,* Morris County Prosecutor, attorney).

*Paul M. Selitto,* argued the cause for respondent.

Justice ZAZZALI delivered the opinion of the Court.

After stopping defendant for numerous motor vehicle violations, a police officer issued defendant three Uniform Traffic Tickets, each of which functioned as both a complaint and summons. The officer fully completed and signed two of the three tickets, but failed to sign the third ticket, which charged defendant with driving while intoxicated (DWI). The municipal court concluded that the absence of the officer's signature did not warrant dismissal of the DWI charge. The Law Division reversed and the Appellate Division affirmed. Both courts agreed that, without the

officer's signature, the ticket lacked the requisite attestation of probable cause.

This appeal thus presents the question whether an officer's failure to attest to probable cause by signing a traffic ticket requires dismissal of the charges alleged in the ticket. We hold that in the circumstances of this case, the absence of the officer's signature is a remediable defect and, as such, is not fatal to the prosecution. We, therefore, reverse the judgment of the Appellate Division and remand the matter to the municipal court with instructions to reinstate the DWI charge and allow the State to correct the deficiency in the ticket.

I.

On March 23, 2002, while driving his motor vehicle, defendant John W. Fisher was apprehended by Boonton Police Officer Richard Krok. Krok arrested defendant and brought him to police headquarters where a breathalyzer test was administered. The test revealed a blood-alcohol concentration between 0.13 percent and 0.14 percent, in violation of *N.J.S.A.* 39:4–50.

Krok issued defendant three sequentially numbered Uniform Traffic Tickets, each labeled "complaint-summons" and each containing separate charges. The charges included failure to signal, *N.J.S.A.* 39:4–126; failure to keep right, *N.J.S.A.* 39:4–82; and driving while intoxicated, *N.J.S.A.* 39:4–50. On all three tickets, Krok documented the following information: the date and location of the offense, the motor vehicle violation charged, the date of defendant's court appearance, and Krok's identification number. Although Krok signed the failure-to-signal and failure-to-keep-right tickets, he failed to sign the DWI ticket. Copies of all three tickets were subsequently filed with the Boonton Municipal Court. As with the copy issued to defendant, the copy of the DWI ticket filed with the court was unsigned.

Three days after the stop, defendant appeared *pro se* at his arraignment hearing in municipal court. During that proceeding, the court advised defendant of the three motor vehicle offenses

with which he had been charged. Defendant pled not guilty to all three charges, and the case was scheduled for a case-management conference.

On July 13, 2002, defendant, with the assistance of counsel, filed a motion to dismiss the DWI complaint based on the omission of Krok's signature. Defendant alleged that Krok's failure to sign the ticket and the municipal court's failure to remedy that defect within thirty days of the commission of the offense precluded prosecution of the DWI charge. The municipal court denied defendant's motion, reasoning that defendant had been properly advised of his rights and the charges pending and had not suffered any prejudice as a result of Krok's error. The court further noted that the omitted signature did not defeat the probable cause supporting the issuance of the traffic ticket.

Thereafter, defendant entered a conditional guilty plea to the DWI charge, reserving the right to appeal the denial of his motion to dismiss. In exchange for defendant's plea, the prosecutor agreed to dismiss the remaining charges. The municipal court sentenced defendant as a repeat offender, suspending defendant's driving privileges for two years and assessing the applicable monetary fines and fees. The court, however, stayed imposition of the sentence pending resolution of defendant's appeal.

Defendant filed an appeal with the Law Division. After a trial *de novo* on the record, that court reversed the municipal court's denial of defendant's motion to dismiss. The Law Division determined that the omission of Krok's signature rendered the DWI ticket fatally defective. In the court's view, Krok's signature was necessary to demonstrate that he had probable cause to charge defendant with the alleged violation. The court, therefore, rejected the State's argument that the facts in this case, particularly Krok's signature on the failure-to-signal and failure-to-keep-right tickets, demonstrated that Krok had probable cause to issue the DWI ticket. Construing *N.J.S.A.* 39:5–3(a) as establishing a thirty-day statute of limitations for motor vehicle charges, the court agreed with defendant that the State's failure to correct the

deficient ticket within thirty days of the date of the offense warranted dismissal of the DWI charge. By order, the court acquitted defendant of the DWI conviction.

With some procedural modifications, the Appellate Division affirmed. *State v. Fisher*, 363 *N.J.Super.* 108, 831 *A.*2d 126 (2003). The panel agreed with the trial court's legal analysis and conclusion that the unsigned ticket was ineffective because it "lack[ed] an attestation of probable cause." *Id.* at 110, 831 *A.*2d at 128. However, the Appellate Division found that the trial court erred in entering a judgment of acquittal. *Ibid.* To correct the error, the panel remanded the matter to the Law Division with instructions to vacate the judgment of acquittal and enter an order dismissing the DWI charge. *Ibid.*

We granted the State's petition for certification, 178 *N.J.* 374, 840 *A.*2d 259 (2003), to determine whether the omission of a law enforcement officer's signature on a traffic ticket is an absolute bar to prosecution and, if not, whether the omission must be remedied within thirty days of the commission of the offense under *N.J.S.A.* 39:5–3(a).

## II.

To place this appeal in context, we begin with a brief overview of the procedures used in issuing traffic tickets and the relevant court rules governing those procedures. Krok used a Uniform Traffic Ticket, also labeled "complaint-summons," to charge defendant with DWI. The ticket, a four-part form on "No Carbon Required" paper, includes a copy for the defendant, a copy for the court, and two record-keeping copies. The same information "is called for and imprints on all four parts of the form." *State v. Gonzalez*, 114 *N.J.* 592, 597, 556 *A.*2d 323, 325 (1989). The top of the form notifies the defendant: "YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THIS COURT TO ANSWER THIS COMPLAINT CHARGING YOU WITH THE OFFENSE LISTED." The middle portion sets forth the essential facts, including the defendant's name, address, and license number; a

description of the vehicle; and a description of the alleged offense. Near the bottom of the form, a line for the officer's signature appears next to the space for the officer's identification number and under the statement: "THE UNDERSIGNED FURTHER STATES THAT THERE ARE JUST AND REASONABLE GROUNDS TO BELIEVE THAT YOU COMMITTED THE ABOVE OFFENSE AND WILL FILE THIS COMPLAINT IN THIS COURT CHARGING YOU WITH THAT OFFENSE." Below the officer's signature line is the "NOTICE TO APPEAR," which identifies the date, time, and place of the defendant's required court appearance.

Our court rules, which govern the contents and issuance of traffic complaints and summonses, provide that the Uniform Traffic Ticket is to serve "as the complaint, summons or other process ... for all parking and other traffic offenses[.]" *R.* 7:2–1(b)(1).[1] Because the ticket embodies both the complaint and summons, it must comply with our court rules dealing with both instruments.

The complaint is "a written statement of the essential facts constituting the offense charged[.]" *R.* 7:2–1(a). Like a criminal indictment, its primary purpose is "to inform a defendant of the charges he must defend against." *State v. Salzman*, 228 *N.J.Super.* 109, 114, 549 *A.*2d 46, 49 (App.Div.1987). Under *Rule* 7:2–1(b)(2), the complaint "may be made and signed by any person[.]" In contrast to the complaint, the summons, which requires the defendant's appearance in court at a stated time and place, "shall be signed and issued *only* by a law enforcement officer or the judge, municipal court administrator or deputy court administrator of the court having territorial jurisdiction." *R.* 7:2–1(b)(2) (emphasis added).

Because a citizen has no authority to issue a summons, *Rule* 7:2–2(a)(1) requires a judge or judicial officer to determine that "there is probable cause to believe that an offense was committed

---

[1] This rule, which was originally adopted as *Rule* 7:2–1(d), was redesignated as *Rule* 7:2–1(b), effective September 2002.

and the defendant has committed it" before a summons can be issued on a citizen complaint. Conversely, when a law enforcement officer makes a complaint, as in this case, "[a] summons . . . may be issued by [that] officer without a finding by a judicial officer of probable cause." *R.* 7:2–2(a)(2); *see also Gonzalez, supra,* 114 *N.J.* at 605–06, 556 *A.*2d at 329–30 (holding that neither public policy nor State or federal constitutions require independent determination of probable cause to support traffic ticket issued by law enforcement officer).

In sum, the Uniform Traffic Ticket, as evidenced by the above description of its contents, combines the requisites of the complaint and summons in one form. Accordingly, it enables a law enforcement officer to make the complaint and serve process on the defendant at the time of the stop.

## III.

### A.

Our court rules are designed to ensure that traffic offenses are decided on the merits rather than dismissed on technicalities. *Cf. State v. Henry,* 56 *N.J.Super.* 1, 10–11, 151 *A.*2d 412, 417 (App. Div.1959) (explaining that in motor vehicle cases, like criminal proceedings, courts no longer "exalt technical and literal strictness to the sacrifice of essential justice"). To that end, *Rule* 7:2–4 provides that "[n]o person . . . appearing in response to a summons shall be discharged from custody or dismissed because of any technical insufficiency or irregularity in the . . . summons, but the . . . summons may be amended to remedy any such technical defect." Similarly, *Rule* 7:14–2 permits amendments to "any process or pleading for *any omission or defect therein* or for any variance between the complaint and the evidence adduced at the trial[.]" (Emphasis added.) The plain language of both rules suggests that the State should be permitted to amend the unsigned ticket, which functions as both the process and pleading. Our inquiry, however, does not end there.

We must consider whether the omission of a law enforcement officer's signature on the ticket is a curable defect under *Rules* 7:2–4 and 7:14–2. Our courts generally have been reluctant to view errors in a traffic ticket, complaint, or summons as fatal to the prosecution when the alleged insufficiency did not detract from the intended purpose of the challenged instrument and did not prejudice the rights of the defendant. *State v. Latorre*, 228 *N.J.Super.* 314, 319–20, 549 *A.*2d 871, 873–74 (App.Div.1988); *State v. Ryfa*, 315 *N.J.Super.* 376, 718 *A.*2d 717 (Law Div.1998); *see also State v. Vreeland*, 53 *N.J.Super.* 169, 173, 147 *A.*2d 49, 51 (App.Div.1958) (refusing to find traffic complaint invalid for failure to specify town because defendant suffered no prejudice nor risk of double jeopardy).

In *Latorre*, for example, the Appellate Division considered whether an officer's failure to sign a DWI summons deprived the summons of its effectiveness, as if it had never been issued. 228 *N.J.Super.* at 317, 549 *A.*2d at 872–73. The defendant argued that absent the officer's signature, the DWI summons was invalid and, thus, incapable of conferring the court with jurisdiction. *Ibid.* Rejecting that *per se* rule, the panel focused instead on whether the absence of the signature undercut the fundamental purpose of the summons, namely, to provide defendant with "ample and fair notice of the nature of the charge against him[.]" *Id.* at 319, 549 *A.*2d at 874. It noted that, although unsigned, the summons fully informed defendant of the essential facts concerning the DWI offense and did not cause defendant to suffer any harm. *Ibid.* Consequently, the court refused to dismiss the charge and affirmed the defendant's conviction. *Id.* at 320, 549 *A.*2d at 874; *see also State v. Sirvent*, 296 *N.J.Super.* 279, 288–90, 686 *A.*2d 1202, 1207–08 (App.Div.1997) (concluding that although summons misidentified defendant, it constituted proper service of process).

More recently, the Law Division dealt with a DWI complaint that incorrectly named the town in which the offense occurred. *Ryfa, supra,* 315 *N.J.Super.* at 379–80, 718 *A.*2d 717. In *Ryfa*, the defendant moved to dismiss the complaint on the ground that it

failed to state with sufficient particularity the place of the offense. *Id.* at 380, 718 *A.*2d at 718–19. The Law Division explained that the requirement that a complaint set forth the essential facts serves two purposes. The first " 'is to enable a defendant to defend against the charge on the merits,' while the second is to ensure protection from being subsequently placed in jeopardy for the same offense." *Id.* at 383, 718 *A.*2d at 720 (quoting *Henry, supra,* 56 *N.J.Super.* at 9–10, 151 *A.*2d at 416). Because the error in the location of the offense did not prejudice the defense and did not subject defendant to the threat of later prosecution for the same DWI charge, the court held that the municipal court properly denied the defendant's motion to dismiss and did not err in amending the complaint to include the correct location. *Id.* at 383–84, 718 *A.*2d at 720.

■ Those courts, including *Latorre* and *Ryfa,* that have refused to "exalt technical and literal strictness" at the expense of "essential justice" are faithful to the express intent of our court rules. Their approach to defective traffic complaints and summonses properly accommodates the interests of defendants, the State, and the judicial system. We, therefore, agree that an officer's failure to attest to probable cause by signing the Uniform Traffic Ticket proves fatal to the prosecution only when that omission defeats the purposes intended to be served by the ticket or when the error otherwise prejudices the defendant.

## B.

■ In this case, defendant argues that Krok was constitutionally required to attest to probable cause by signing the DWI ticket. He urges us to hold that because the State failed to remedy that defect within thirty days of the date of the offense, the omission of the signature bars prosecution. Defendant does not contend that the absence of the signature interfered with his defense on the merits. Nor does he contend that the issued ticket did not notify him adequately of the charges alleged against him and of the time, place, and date of his required court appearance.

In other words, defendant's only claim is that Krok's failure to include a signed attestation of probable cause on the DWI ticket renders that ticket void. That argument amounts to precisely the sort of exaltation of form over substance that our courts have properly rejected.

As a matter of public policy, rather than constitutional mandate, we agree with defendant that the obligation imposed by our court rules on law enforcement officers to sign traffic tickets is important. By signing the statement on the ticket that "THERE ARE JUST AND REASONABLE AND REASONABLE GROUNDS TO BELIEVE THAT YOU COMMITTED THE ABOVE OFFENSE," the officer verifies that there is probable cause to support prosecution of the defendant for the named offense. In so doing, the officer assures both the defendant and the court that the defendant's "interests in liberty and freedom from unreasonable prosecution" have been protected. *Gonzalez, supra*, 114 *N.J.* at 604, 556 *A.*2d at 329. Because we presume "that most police officers perform their duties honestly, conscientiously, and well[,]" including "the duty not to issue citations for violations unless" there is probable cause, *id.* at 601, 556 *A.*2d at 327, our court rules do not require that a neutral and detached judicial officer make a finding of probable cause before a law enforcement officer issues a traffic ticket, *R.* 7:2–2(a)(2). Consequently, the officer's signature provides the only concrete evidence that the quasi-criminal proceeding has been instituted in good faith and by a person authorized to do so.

Although the officer's signature plays a valuable role in protecting citizens' rights, we do not agree with defendant that the absence of the signature on the ticket at the time of its issuance renders the ticket invalid. Ordinarily, the omission of the signature will not impair the ticket from serving its primary function of safeguarding the defendant's right to procedural due process. Moreover, in most cases, any danger of unfounded prosecution posed by an unsigned ticket can be eliminated by an amendment under *Rule* 7:2–4 or 7:14–2. We, therefore, find no principled

reason for adopting a *per se* rule that an unsigned traffic ticket is null and void. To conclude otherwise would undermine the policy expressed in our court rules of resolving traffic matters on the merits rather than on technicalities.

■ Having concluded that an unsigned ticket is not fatally defective, we turn to the State's argument that when a law enforcement officer has failed to sign the ticket, a court should look beyond the four corners of the unsigned document to the officer's conduct for evidence of an attestation of probable cause. The State thus contends that the omission of the officer's signature can be cured without amending the ticket. We disagree.

In view of the important safeguards afforded by the officer's attestation of probable cause, we conclude that when a defendant challenges an unsigned traffic ticket on probable cause grounds the State must amend the defective instrument to reflect that the officer reasonably believed that the defendant had committed the violation alleged. The State may correct the error either by submitting an affidavit or testimony from the law enforcement officer demonstrating that there was probable cause for the ticket's issuance or by having the officer sign the ticket. In our view, the requirement that the State remedy an unsigned ticket, when challenged, fairly balances the defendant's interest in not being subject to unfounded prosecutions and our judicial interest in resolving traffic cases on the merits.

## C.

■ Our disposition on the threshold question of whether the absence of Krok's signature is an amendable defect under *Rules* 7:2–4 and 7:14–2 requires us to address defendant's claim that under *N.J.S.A.* 39:5–3(a), the State must correct the omission within thirty days of the commission of the offense.

In pertinent part, *N.J.S.A.* 39:5–3(a) states that "[w]hen a person has violated a provision of [*N.J.S.A.* 39:5], the judge may, within 30 days after the commission of the offense, issue *process*

directed to a constable, police officer or the director for the appearance or arrest of the person so charged."[2] (Emphasis added.) As the provision's plain language indicates, the focus of *N.J.S.A.* 39:5–3(a) is the service of *process*. *See State v. Rondinone,* 300 *N.J.Super.* 495, 497, 693 *A.2d* at 493–94 (App.Div.1997) (finding that because defendant received summons at time of stop, DWI charge was not time-barred under *N.J.S.A.* 39:5–3(a) although summons was issued in wrong name and was not amended within thirty days of offense). In that respect, the provision ensures that a defendant receives timely notice of the allegations charged in the traffic ticket or citizen complaint. 24 *New Jersey Practice, Motor Vehicle Law and Practice* § 7.3, at 624 (3d ed. 2001) (explaining that *N.J.S.A.* 39:5–3 "encourages police and other municipal officials to issue process on motor vehicle offenses within a reasonable period of time"). When process is timely, as in this case, *N.J.S.A.* 39:5–3(a) is satisfied.

In asserting that *N.J.S.A.* 39:5–3(a) precludes the State from correcting the complaint and summons more than thirty days after the commission of the violation, defendant relies on *State v. Brennan,* 229 *N.J.Super.* 342, 551 *A.2d* 560 (App.Div.1988). In *Brennan,* the Appellate Division determined that an unsigned traffic complaint is invalid. *Id.* at 345–46, 551 *A.2d* at 561–62. It, nonetheless, concluded that under *N.J.S.A.* 39:5–3, the State could remedy the error within thirty days of the commission of the offense by having the officer sign the complaint. *Id.* at 348–49, 551 *A.2d* at 563–64. Although the State claimed that the officer had signed the complaint subsequent to its filing, the record did not reveal when the signature had been added. *Id.* at 348, 551 *A.2d* at 563. The panel, therefore, remanded the matter for further findings, noting that the officer's "failure to sign the complaint within 30 days ... would be a fatal defect within the

---

[2] Effective August 3, 2002, the Legislature amended *N.J.S.A.* 39:5–3 to extend the service-of-process period for DWI offenses to thirty days after the filing of the complaint. *L.* 2002, *c.* 56, § 1.

intendment of *N.J.S.A.* 39:5–3[,]" requiring dismissal of the charge. *Id.* at 349, 551 *A.*2d at 564.

In applying *N.J.S.A.* 39:5–3, the *Brennan* court relied on the premise that we have expressly rejected in this opinion, namely, that a "traffic complaint is only valid when the person making the charge has certified on the approved complaint form" that he or she has "just and reasonable grounds to believe and does believe" that the person named in the complaint committed the alleged offense. *Id.* at 345–46, 551 *A.*2d at 562. Having determined that the omission of an officer's signature is an amendable defect that does not void the traffic ticket, we conclude that *N.J.S.A.* 39:5–3(a) does not foreclose the State from supplementing the ticket with an attestation of probable cause more than thirty days after the commission of the offense. To the extent that the Appellate Division reached a contrary holding in *Brennan*, we overrule that decision.

## IV.

In this case, the unsigned ticket does not require dismissal of the DWI charge. Defendant concedes that the ticket provided him with adequate notice of the nature of the alleged offense and of the date, time, and location of his required court appearance. Because the DWI ticket included Krok's identification number (the same number that appeared on the failure-to-signal and failure-to-keep-right tickets) and because Krok issued the ticket to defendant after arresting him and bringing him to the station for a breathalyzer test, defendant could not reasonably have questioned Krok's authority to issue the unsigned ticket. More importantly, defendant does not allege, nor does the evidence suggest, that Krok acted in bad faith in issuing the DWI ticket. Based on those facts, we hold that the absence of Krok's signature was an amendable defect under *Rules* 7:2–4 and 7:14–2.

We have no reason to doubt that Krok had probable cause to issue the DWI ticket. Consistent with our above discussion, however, we remand the case to the municipal court to allow the

State to supplement the record by having Krok submit an affidavit or provide testimony indicating his belief that probable cause existed, or by offering into evidence a signed copy of the traffic ticket.

## V.

For the reasons stated above, we reverse the judgment of the Appellate Division and remand to the municipal court for further proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice PORITZ and Justices LONG, VERNIERO, LaVECCHIA, ZAZZALI, ALBIN and WALLACE—7.

*Opposed*—None.