928 A.2d 85 (2007)
395 N.J. Super. 40
STATE of New Jersey, Plaintiff-Appellant,
v.
Tammy BUCZKOWSKI, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted November 14, 2006.
Decided July 18, 2007.
James P. Lynch, Acting Camden County Prosecutor, for appellant (Tamika T. McKoy, Acting Assistant Prosecutor, of counsel and on the letter brief).
DiLorenzo & Rush, Florham Park, for respondent (Chris DiLorenzo, of counsel and on the letter brief).
*86 Before Judges KESTIN, PAYNE and LIHOTZ.
The opinion of the court was delivered by
KESTIN, P.J.A.D.
The State appeals from a Law Division order granting defendant's motion to dismiss the complaint charging her, under N.J.S.A. 39:4-96, with reckless driving. In the Winslow Township Municipal Court, defendant, Tammy Buczkowski, had entered a conditional guilty plea to an amended charge of failure to yield under N.J.S.A. 39:4-144. She then appealed to the Law Division. On de-novo-on-the-record review pursuant to Rule 3:23-8(a), the court granted defendant's motion and dismissed the complaint. Judge Cook expressed his rationale for the result reached in a written opinion and order. The State argues, on appeal, that "[t]he trial court erred by holding that a motor vehicle summons that was issued within 30 days must also be served upon the defendant within 30 days."
The facts as found by Judge Cook are simple and essentially uncontested.
At 11:30 p.m. on the night of October 30, 2004, a collision occurred at the intersection of Tansboro  East Factory Roads in Winslow Township. Ms. Buczkowski was driving on the stop street. A police officer was driving on the through street, responding to a call. Ms. Buczkowski entered the intersection, and the two vehicles collided. One of the occupants of the two vehicles sustained fatal injuries.
On November 29, 2004, the 30th day following the accident, Lt. Mark Wilson, a member of the Camden County Prosecutor's Crash Response Incident Team, signed a sworn complaint against Tammy Buczkowski, charging her with reckless driving at the Tansboro  East Factory Roads intersection in Winslow Township, on or about October 30, 2004 at 11:30 p.m. The offense section of the complaint read, "Reckless Driving (Fatal Crash) in violation of 39:4-96".
Referring to "Exhibit A . . ., a copy of the complaint-summons, and the Winslow Township Municipal Court envelope that was used to mail it to Ms. Buczkowski[,]" Judge Cook found further that
The postmark date on the envelope was March 21, 2005. Thus, 142 days elapsed from the date of the alleged offense to the date the complaint-summons was served by mail upon Ms. Buczkowski.

Exhibit B is another copy of the complaint-summons. The "Notice to Appear" section lists the "Court Date" as 1/5/05 at 8:30 a.m., with the notation that a "Court Appearance [was] Required." However, the court appearance date listed in Exhibit A, the version of the complaint-summons mailed to Ms. Buczkowski on March 21, 2005, lists the court appearance date as "4/15/05". It appears that the "1-5-05" date listed in the Exhibit A version was written over to change the court appearance date to "4/15/05". Presumably that date change was made because the Winslow Township Municipal Court did not mail or otherwise effect service of the complaint-summons until March 21, 2005 at the earliest, or some 2½ months after the original court appearance date of January 5, 2005.
Prior to the complaint-summons being mailed to Ms. Buczkowski on March 21, 2005, a notice dated "12/01/04" and titled "TRANSFER TO THE COUNTY PROSECUTOR" was mailed by the Winslow Township Municipal Court to Ms. Buczkowski at her Bayonne, N.J. address. Exhibit C. The notice listed the case name "State v. Tammy Buczkowski"; the summons no. "SC 14540"; the violation date "10/30/04"; and the violation [as], "39:4-96". . . .
*87 The latter notice, of December 1, 2004, contained no details regarding the charge beyond the foregoing, and it did not include a copy of the complaint-summons which, among other details, contained the location of the incident that gave rise to the charge, the identity of the charging officer, and the court appearance date. The December 1, 2004 notice contained the following statement, however:
Please be advised that the court matter(s) listed below has been transferred to the Camden County Prosecutor for their review & action. Questions regarding the status of your case(s) should be directed to the office of the County Prosecutor.
Judge Cook's recitation of his factual findings concluded as follows:
The complaint-summons was not included with that December 1, 2004 notice to Ms. Buczkowski. Further, while the mailing of that notice is not of record, even if it was mailed to Ms. Buczkowski on the same day as the date of the notice, December 1, 2004, it was mailed at least 31 days [sic] after the date of the alleged reckless driving offense.
On March 4, 2005, 17 days before March 21, 2005, the date the Winslow Township Municipal Court first mailed the complaint-summons to Ms. Buczkowski, the municipal court mailed to Ms. Buczkowski a notice of "Change In Court Date  New Court Date . . . reschedul[ing]" the court date to March 30, 2005. Exhibit D. The complaint-summons was not included in that mailing[, either].
To recap, the November 29, 2004 complaint-summons charging Ms. Buczkowski with reckless driving on October 30, 2004 was not mailed or otherwise served on her until March 21, 2005, 142 days after the alleged offense.
On appeal, we are bound by the trial court's findings because they are supported by substantial evidence  and, they are essentially undisputed. See State v. Locurto, 157 N.J. 463, 470-72, 724 A.2d 234 (1999); State v. Johnson, 42 N.J. 146, 160-162, 199 A.2d 809 (1964). This deference does not apply to rulings of law, however. See Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995).
The State argues on appeal, as it did before the Law Division and the municipal court, that the notice dated December 1, 2004, sufficed to satisfy the requirements of N.J.S.A. 39:5-3a. We reject that argument, as Judge Cook did.
N.J.S.A. 39:5-3a, in terms, expressly establishes a thirty-day deadline "after the commission of [an] offense" for the issuance of process. In State v. Fisher, 180 N.J. 462, 852 A.2d 1074 (2004), the Supreme Court expressed the view, albeit in dictum, that the provisions of N.J.S.A. 39:5-3a require "service of process" within the thirty-day period provided. Id. at 474, 852 A.2d 1074 (emphasis omitted). The Court held, however, that once service of process occurs within the mandated time, i.e., "timely notice of the allegations charged" is received by the defendant, ibid., formal errors or omissions may be corrected within a reasonable time. See R. 7:14-2. See also, e.g., R. 3:3-4; 7:2-6(c). The Supreme Court stated that construing N.J.S.A. 39:5-3a to impose a deadline for service of process "ensures that a defendant receives timely notice of the allegations charged. . . ." Fisher, supra, 180 N.J. at 474, 852 A.2d 1074. It protects the accused from the hazards of defending against stale allegations. See State v. Wallace, 201 N.J.Super. 608, 610-12, 493 A.2d 645 (Law Div.1985).
In the instant matter, the date of the charged offense was October 30, 2004. The charge arose from a motor vehicle accident in which a fatality had occurred. No traffic ticket, i.e., "complaint-summons," *88 see Fisher, supra, 180 N.J. at 467-69, 852 A.2d 1074, was issued at the scene. Following investigation of the accident, the complaint-summons in the matter issued with a date of November 29, 2004, the thirtieth day following the accident. However, defendant was not notified, within the thirty-day period, either that a charge was being filed against her or what that charge entailed. Under date of December 1, the thirty-second day, a notice captioned "Transfer to the County Prosecutor," addressed to defendant in Bayonne, Hudson County, was generated in the Winslow Township Municipal Court in Camden County for mailing. Among the few details provided was the information that the matter had been transferred to the Camden County Prosecutor's office.
Manifestly, this mailed service of a document dated December 1, containing notice only that a charge had been filed, even if mailed the same day, was not within the thirty-day period required by N.J.S.A. 39:5-3a. See Fisher, supra, 180 N.J. at 474, 852 A.2d 1074. The December 1 document fell short in another way of satisfying the notice requirement of the statute. It also omitted to furnish defendant with the charge itself. The notice contained only the most general information: that a charge had been filed, the summons number, a violation date, and a statutory citation. It lacked the details that a copy of the complaint-summons would have provided.
Compounding those defects in notice, a copy of the complaint-summons itself was not mailed to defendant until March 21, 2005, 142 days after the date of the offense charged. It is of no small significance, as Judge Cook found, that the original appearance date on the summons
was written over to change the court appearance date [from January 5, 2005] to "4/15/05". Presumably that date change was made because the Winslow Township Municipal Court did not mail or otherwise effect service of the complaint-summons until March 21, 2005 at the earliest, or some 2½ months after the original court appearance date of January 5, 2005.
The service requirement of N.J.S.A. 39:5-3a, as interpreted by the Supreme Court, not only guarantees a defendant adequately prompt and essentially full notice of the charge against her, it also promotes the integrity of the process. Wholly independent of the adequate notice requirement of the statute, with its roots in due process considerations and other fundamental fairness concerns, we have no hesitancy in applying the "square corners" doctrine to the State in this matter. "The government must `turn square corners' in its dealings with the public." New Concepts for Living v. Hackensack, 376 N.J.Super. 394, 401, 870 A.2d 697 (App. Div.2005).
For the foregoing reasons, we affirm.