**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0876-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PARAMJIT SINGH,

     Defendant-Appellant.

_____

> Submitted August 30, 2018 – Decided November 1, 2018
>
> Before Judges Rothstadt and DeAlmeida.
>
> On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 380992.
>
> Levow DWI Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief; Sandra L. Battista, on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (John J. Lafferty, IV, Special Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant, Paramjit Singh, appeals from his conviction following a trial de novo in the Law Division of refusal to submit to a chemical breath test, N.J.S.A. 39:4-50.4a. We affirm.

I.

At about 2:45 a.m. on March 17, 2015, Atlantic City police officer Robert Dessicino was dispatched to investigate a report of a man sleeping in a yellow van near Hartford and Fairmount Avenues. Dessicino, arriving about ninety seconds later, found no one at that location. He then spotted a yellow van approximately a block away.

Through the van's window, Dessicino saw defendant sleeping in the driver's seat with a wet spot in his groin area consistent with defendant having urinated on himself. The driver's seat was upright, the engine was running with the key in the ignition, an empty Whiskey bottle rested in the center console, and defendant was within arms' length of the steering wheel.

After several unsuccessful attempts, Dessicino woke defendant by yelling and banging on the van's window. Officer Lopez arrived on scene, and from the passenger side of the car, saw defendant's foot on the brake pedal. Lopez, observing defendant's watery, bloodshot eyes, and smelling alcohol on his

2

breath, placed defendant under arrest for driving while intoxicated, N.J.S.A. 39:4-50.

Defendant agreed to take a breathalyzer test. Lopez gave defendant instructions on how to provide a breath sample. Although defendant stated that he understood the instructions, none of his eleven breath samples or two control samples were sufficient for the Alcotest to function. As a result, Lopez charged defendant with refusal to submit to a breath test. Although the refusal offense is set forth in N.J.S.A. 39:4-50.4a, the summons given to defendant listed only N.J.S.A. 39:4-50.2, a related statute that provides that all drivers consent to submit to a breathalyzer test when a police officer has reasonable grounds to believe that a driver has been operating or is in physical control of a motor vehicle while under the influence of alcohol in violation of N.J.S.A. 39:4-50.[1]

Following a trial, a Municipal Court judge found defendant guilty of violating N.J.S.A. 39:4-50.4a. After hearing testimony from the officers on scene, and a witness produced by defendant, the court found beyond a reasonable doubt that: (1) defendant was in actual physical control of the van while under

---

[1] A copy of the summons is not included in defendant's appendix. The parties, however, do not dispute that the summons referenced N.J.S.A. 39:4-50.2, and not N.J.S.A. 39:4-50.4a.

A-0876-16T2

the influence of alcohol; (2) the officers had probable cause to believe that defendant was in actual physical control of the van while under the influence of alcohol; and (3) defendant refused to comply with the breathalyzer test by failing to produce sufficient breath samples. The court sentenced defendant as a third-time DWI offender to a ten-year suspension of driving privileges, eighteen months of ignition interlock once his driving privileges are restored, related fines, and twelve hours in the Intoxicated Driving Resource Center.[2]

On appeal to the Law Division, the court reviewed the record of the Municipal Court and found defendant guilty of violating N.J.S.A. 39:4-50.4a. As was the case with the Municipal Court, the Law Division judge found beyond a reasonable doubt that: (1) defendant was in actual physical control of the van while under the influence of alcohol; (2) the officers had probable cause to believe that defendant was in actual physical control of the van while under the influence of alcohol; and (3) defendant refused to comply with the breathalyzer test by failing to produce sufficient breath samples. The Law Division judge imposed the same sentence as did the Municipal Court judge. At no time during

---

[2] Defendant was also charged with reckless driving, N.J.S.A. 39:4-96, driving while intoxicated, N.J.S.A. 39:4-50; driving while intoxicated in a school zone, N.J.S.A. 39:4-50(g), and possessing an open container of alcohol in a motor vehicle, N.J.S.A. 39:4-51b. Those charges were dismissed prior to trial.

A-0876-16T2

the proceedings below did defendant argue that he was not on notice of the charge against him, or that the reference to N.J.S.A. 39:4-50.2 in the summons prejudiced his ability to provide a defense to the State's allegation that he refused to provide a breath sample for testing.

This appeal followed. Defendant makes the following arguments for our consideration:

> POINT I
>
> AS APPELLANT WAS WRONGFULLY CHARGED UNDER[] N.J.S.A. 39:4-50.2, THE REFUSAL CHARGE SHOULD HAVE BEEN DISMISSED. (ISSUE NOT RAISED BELOW).
>
> POINT II
>
> THERE IS NO PROBABLE CAUSE TO BELIEVE THAT APPELLANT OPERATED OR HAD THE INTENT TO OPERATE A MOTOR VEHICLE, AND HE SHOULD NOT HAVE BEEN CHARGED WITH REFUSAL.
>
> POINT III
>
> NO REFUSAL TO SUBMIT BREATH SAMPLES EXISTS IN THIS CASE, APPELLANT SUBMITTED TEN BREATH SAMPLES.

II.

We begin with defendant's contention that he was deprived of due process by having been charged with violating N.J.S.A. 39:4-50.2, but convicted of

5

violating N.J.S.A. 39:4-50.4a. Because defendant did not raise this argument in the trial courts, we review the question under the plain error standard. State v. Funderburg, 225 N.J. 66, 79 (2016). We will, therefore, disregard the error "unless it is of such a nature as to have been clearly capable of producing an unjust result." Ibid. (quoting R. 2:10-2; citing State v. Robinson, 165 N.J. 32, 47 (2000)). "The mere possibility of an unjust result is not enough" to warrant relief. Ibid. (citing State v. Jordon, 147 N.J. 409, 422 (1997)).

The statute cited in defendant's summons, N.J.S.A. 39:4-50.2, provides:

> (a)    Any person who operates a motor vehicle on any public road, street or highway . . . in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood; provided, however, that the taking of samples is made in accordance with the provisions of this act and at the request of a police officer who has reasonable grounds to believe that such person has been operating a motor vehicle in violation of the provisions of [N.J.S.A.] 39:4-50 . . . .
>
>      . . . .
>
> (e)    No chemical test, as provided in this section, or specimen necessary thereto, may be made or taken forcibly against physical resistance thereto by the defendant. The police officer shall, however, inform the person arrested of the consequences of refusing to submit to such test in accordance with section 2 of this amendatory and supplementary act [N.J.S.A. 39:4-50.4a]. A standard statement, prepared by the chief

6

administrator, shall be read by the police officer to the person under arrest.

The statute defendant was convicted of violating, N.J.S.A. 39:4-50.4a, provides, in relevant part, that

> the municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for a violation of [N.J.S.A.] 39:4-50 . . . shall refuse to submit to a test provided for in [N.J.S.A.] 39:4-50.2 when requested to do so, for not less than seven months or more than one year . . . unless the refusal was in connection with a third or subsequent offense under this section in which case the revocation shall be for ten years.

As our Supreme Court has held "[t]o identify all of the elements of a refusal offense, we must look at the plain language of both statutes because although they appear in different sections, they are plainly interrelated." State v. Marquez, 202 N.J. 485, 501 (2010). Given that N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a "cross-reference one another internally" and "rely on each other substantively[,]" the two statutes "must therefore be read together." Id. at 502. The Court has cautioned that "care should be taken to list . . . N.J.S.A. 39:4-50.4a, the exact statutory provision applicable to breathalyzer refusal cases" in documents charging a defendant with refusal to provide a breath sample. State v. Cummings, 184 N.J. 84, 90 n.1 (2005).

7

However, where "[n]o complaint has been raised concerning that error" and "no prejudice resulting from it" has been identified, dismissal of the charge is not required. Ibid. To hold otherwise would place "form over substance," an approach disfavored in our State. State v. Fisher, 180 N.J. 462, 472 (2004); see also R. 3:7-3(a) ("[E]rror in the citation [to a statute] or its omission shall not be ground for dismissal of the indictment or accusation or for reversal of a conviction if the error or omission did not prejudicially mislead the defendant.").

Our review of the record confirms that defendant was not prejudiced by the State's citation of N.J.S.A. 39:4-50.2 instead of N.J.S.A. 39:4-50.4a in the summons charging him with refusal. The trial court transcripts, from both the Municipal Court and the Law Division, show that defendant's counsel was aware his client was charged with refusal. He elicited testimony, objected to the introduction of evidence, and made legal arguments all directed at challenging the officers' basis for ordering defendant to submit to a breathalyzer test, and intended to frustrate the State's efforts to prove that his client refused to provide adequate breaths. At no point in either court was an objection made with respect to the statute cited in the summons. Nor do the transcripts reveal any apparent confusion on the part of counsel or the courts with respect to the charge alleged against defendant. We find in the record no harm to defendant resulting from

the reference to N.J.S.A. 39:4-50.2 rather than N.J.S.A. 39:4-50.4a in the summons.

We turn to defendant's argument that the officers lacked probable cause to order him to take a breathalyzer test. In order for a defendant to be found guilty of violating N.J.S.A. 39:4-50.4a, the State must establish beyond a reasonable doubt each of the following:

> (1) the arresting officer had probable cause to believe that defendant had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol or drugs; (2) defendant was arrested for driving while intoxicated; (3) the officer requested defendant to submit to a chemical breath test and informed defendant of the consequences of refusing to do so; and (4) defendant thereafter refused to submit to the test.
>
> [State v. Marquez, 202 N.J. 485, 503 (2010) (citing State v. Wright, 107 N.J. 488, 490 (1987)).]

Defendant concedes factors (2), (3), and (4) above, and argues only that the officers lacked probable cause to believe defendant was operating the van while under the influence of alcohol.

"[P]roof of actual operation is not required" to sustain a conviction for refusal to submit a sample for a breathalyzer test. Wright, 107 N.J. at 490. Proof beyond a reasonable doubt that the officers had reasonable cause to believe the defendant had actual physical control of a vehicle while under the influence of

9

alcohol will suffice. Cummings, 184 N.J. at 95-96. The Municipal Court judge, after hearing the officers' testimony and weighing their credibility, found beyond a reasonable doubt that the officers had probable cause to believe defendant was in actual physical control of the van while under the influence of alcohol. The Law Division judge reached the same conclusion after reviewing the Municipal Court record.

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robinson, 228 N.J. 138, 144 (2017). Unlike the Law Division, we do not independently access the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). The rule of deference is more compelling where, such as here, the municipal and Law Division judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citation omitted). "Therefore, appellate review of the factual and credibility findings of the municipal court and Law Division 'is

10

exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

Our review of the record reveals sufficient credible evidence supporting the trial courts' fact findings and legal conclusions. Defendant was found in the driver's seat of a vehicle with the key in the ignition, engine running, and his foot on the brake. He was unconscious, smelled of alcohol, and had an empty bottle of whiskey next to him. These facts amply support the officers' probable cause to believe defendant was in actual control of the van while under the influence of alcohol.

The suggestion by defendant's counsel that defendant turned on the engine of the van merely to keep warm was rejected by the trial courts. In addition, we find no support for the argument that defendant's conviction cannot be sustained absent a finding beyond a reasonable doubt that he actually operated the van while under the influence of alcohol, or intended to operate the vehicle. See State v. George, 257 N.J. Super. 493, 497 (App. Div. 1992).

Finally, defendant argues that the State did not prove beyond a reasonable doubt that he refused to provide a breath sample for chemical testing. He contends that he did not refuse because he agreed to take the test and attempted to comply by submitting eleven breaths. "[A] defendant's subjective intent is

11

irrelevant in determining whether the defendant's responses to the officer constitute a refusal to take the test." State v. Widmaier, 157 N.J. 475, 498 (1999). "[A]nything substantially short of an unconditional, unequivocal assent to an officer's request that the arrested motorist take the breathalyzer test constitutes a refusal to do so." Widmaier, 157 N.J. at 497 (quoting State v. Bernhardt, 245 N.J. Super. 210, 219 (App. Div. 1991) (citations omitted)). Agreeing to a breathalyzer test, but providing insufficient breath samples can rise to the level of refusal. State v. Chun, 194 N.J. 54, 104, 105, 151 (2008).

To be valid, a breath sample must have both a minimum volume of 1.5 liters, and be at least 4.5 seconds long. Id. at 97. "The Alcotest permits up to eleven attempts to collect two breath samples, after which, the only options that the device offers are 'terminate' or 'refusal.'" Id. at 99.

Here, defendant blew eleven times, with two control samples. He, however, never satisfied both the duration and volume requirements in any single attempt. While defendant achieved the duration requirement all but two times, he did not provide the requisite volume of breath. He offered no evidence that he was unable to produce a volume of breath necessary for chemical testing. We see no basis to disturb the findings of the Municipal Court and the Law Division that defendant refused to comply with the test.

12

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0876-16T2