**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4496-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANIEL TALBOT,

    Defendant-Appellant.

_____

> Submitted February 12, 2019 – Decided April 23, 2019
>
> Before Judges Fisher and Hoffman.
>
> On appeal from Superior Court of New Jersey, Law Division, Union County, Municipal Appeal No. 6183.
>
> Levow DWI Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief; Sandra L. Battista, on the brief).
>
> Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Reana Garcia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Daniel Talbot appeals from a May 2, 2017 Law Division order denying his petition for post-conviction relief (PCR), arising from his 1998 guilty plea and conviction for refusing to submit to a breathalyzer test. In support of his appeal, defendant presents the following argument:

> APPELLANT'S GUILTY PLEA AND SENTENCE ARE ILLEGAL BECAUSE APPELLANT PLEADED GUILTY TO A VIOLATION OF N.J.S.A. 39:4-50.2 BUT WAS SENTENCED UNDER N.J.S.A. 39:4-50.4a.

Following our review of the record, we reject this argument and affirm.

In November 1997, Officer Andrew Perrella charged defendant with violating N.J.S.A. 39:4-50, driving while intoxicated (DWI), and N.J.S.A. 39:4-50.2, refusal to submit to a breathalyzer examination. The matter proceeded to trial in April 1998. After the defense presented testimony from an otolaryngologist, who explained how a medical condition of defendant affects his balance, the State moved to dismiss the DWI charge. At that point, defendant withdrew his not guilty plea to the refusal charge, and advised the court during a plea colloquy, "I have decided to plead guilty to the refusal of the breathalyzer test [charge]." He then affirmed that when he was arrested, he "refused to submit to the breathalyzer test."

A-4496-16T2

After finding defendant's testimony "established a factual basis for accepting his plea," the municipal court judge accepted "the plea of refusing to take the breathalyzer test . . . in violation of [N.J.S.A.] 39:4-50.2," and imposed applicable fines and penalties, including a ten-year revocation of defendant's driver's license. According to defendant, he appealed this conviction "and was not successful."

In November 2015, defendant filed the matter under review with the municipal court. Defendant's sole argument in his PCR petition asserts that he "was charged under N.J.S.A. 39:4-50.2, a statute that does not allege a motor vehicle violation," that he pleaded "guilty to N.J.S.A. 39:4-50.2, but the conviction was entered under N.J.S.A. 39:4-50.4a," and therefore he "was convicted under a statute that he did not plead guilty to." His petition seeks to have his plea "vacated and the matter . . . dismissed."

Following oral argument before the same municipal court judge who accepted defendant's guilty plea in 1998, the judge rejected defendant's arguments and denied his petition. Defendant appealed this denial to the Superior Court, where Judge John M. Deitch also denied PCR, rejecting defendant's contention that N.J.S.A. 2C:39-50.4a and N.J.S.A. 39:4-50.2 are separate and distinct from each other. The judge found defendant's

A-4496-16T2

interpretation "is directly in conflict with <u>State v. Marquez</u>, 202 N.J. 485, 501 (2010)," where the Court stated that in order to "identify all of the elements of the refusal offense, we must look at the plain language of both statutes because although they appear in different sections, they are plainly interrelated." The judge went on to point out that the Court found "the statutes not only cross-reference one another internally, but they also rely on each other substantively. They must therefore be read together." <u>Id.</u> at 502.

Judge Deitch also rejected defendant's reliance on <u>State v. Nunnally</u>, 420 N.J. Super. 58 (App. Div. 2011) as "misplaced." He explained that in <u>Nunnally</u>,

> the defendant, a driver of a Department of Public Works plow truck, was arrested for a suspected violation of N.J.S.A. 39:3-10, which prohibits the operation of a commercial motor vehicle with an alcohol concentration of 0.04 [percent] or more. <u>Id.</u> at 62. The defendant refused to submit to an Alcotest and was charged with violating N.J.S.A. 39:4-50a, the general refusal statute, instead of the [commercial driver's license (CDL)] statute pursuant to N.J.S.A. 39:3-10.24. <u>Ibid.</u> The Law Division, upholding the [m]unicipal [c]ourt's decision, dismissed the refusal charge and held that the State could not amend the complaint on the day of trial and beyond the [ninety-day] statute of limitations. <u>Ibid.</u> The Appellate Court affirmed, finding that CDL refusal is not a lesser included offense of the general refusal statute because the two offenses require proof of different elements. Therefore, because the State failed to charge the correct substantive offense, amendment under [<u>Rule</u>] 7:2-5 and [<u>Rule</u>] 7:140-2 was improper. <u>Id.</u> at 65-66. . . .

4

In contrast to Nunnally, Judge Deitch determined defendant "was not a commercial driver; thus, N.J.S.A. 39:3-10.24" does not apply. Further, he found there was no risk of defendant "having been confronted with two substantively different offenses," like the defendant in Nunnally. In fact, the Nunnally court "accepted the reading of N.J.S.A. 39:4-50.2 and 50.4 in pari materia to establish the elements of general refusal." Judge Deitch correctly determined that Nunnally does not support vacating defendant's conviction.

Judge Deitch further noted, "The failure to cite to N.J.S.A. 39:4-50.a, while technically incorrect, did not prejudice [d]efendant." He concluded that "[n]othing from the plea allocution makes this [c]ourt question whether [d]efendant knew he was facing a possible conviction of refusal to submit to a breathalyzer," as the plea hearing judge continuously referred to the charge of refusing to submit to the breathalyzer; in addition, defendant was represented by counsel during his trial and plea allocution. The judge entered an order denying defendant's application and defendant appealed.

Before us, defendant continues to contend we should vacate his conviction solely because he was charged and pleaded guilty to a violation of N.J.S.A. 39:4-50.2, but was sentenced under N.J.S.A. 39:4-50.4a. When reviewing a decision on a municipal appeal to the Law Division, we defer to the trial court's findings

A-4496-16T2

of fact if "the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Kuropchak, 221 N.J. 368, 382-83 (2015) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). However, we owe no deference to the trial court's decision on an issue of law "and the consequences that flow from established facts," which we review de novo. State v. Hubbard, 222 N.J. 249, 263 (2015) (citing State v. Gandhi, 201 N.J. 161, 176 (2010)).

The implied consent statute, N.J.S.A. 39:4-50.2, provides in pertinent part that:

> [a]ny person who operates a motor vehicle on any public road, street or highway . . . shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood; provided, however, that the taking of samples is made . . . at the request of a police officer who has reasonable grounds to believe that such person has been operating a motor vehicle in violation of the provisions of [N.J.S.A.] 39:4-50 . . . .
>
>            . . . .
>
> No chemical test . . . may be made or taken forcibly and against physical resistance thereto by the defendant. The police officer shall, however, inform the person arrested of the consequences of refusing to submit to such test in accordance with section 2 [N.J.S.A. 39:4-50.4a] of this amendatory and supplementary act. A standard statement, prepared by the chief administrator,

6

shall be read by the police officer to the person under arrest.

In addition, N.J.S.A. 39:4-50.4a provides that "the municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for [DWI] . . . refuse[d] to submit to a [chemical] test provided for in section 2 of . . . [N.J.S.A. 39:4-50.2] when requested to do so . . . ."  In determining whether a person is guilty of refusal,

> [t]he municipal court shall determine . . . whether the arresting officer had probable cause to believe that the person had been driving or was in actual physical control of a motor vehicle . . . while the person was under the influence of intoxicating liquor or a narcotic, hallucinogenic, or habit-inducing drug or marijuana; whether the person was placed under arrest . . . and whether he refused to submit to the test upon request of the officer; and if these elements of the violation are not established, no conviction shall issue.
>
> [Ibid.]

As Judge Deitch correctly noted, in State v. Marquez the Court found these statutes "plainly interrelated," 202 N.J. at 501, and because they "cross-reference one another internally" and "rely on each other substantively," the statutes "must therefore be read together."  Id. at 502.  The Court also stated:

> A careful reading of the two statutes reveals four essential elements to sustain a refusal conviction: (1) the arresting officer had probable cause to believe that defendant had been driving or was in actual physical

7

control of a motor vehicle while under the influence of alcohol or drugs; (2) defendant was arrested for driving while intoxicated; (3) the officer requested defendant to submit to a chemical breath test and informed defendant of the consequences of refusing to do so; and (4) defendant thereafter refused to submit to the test.

[Id. at 503 (citing N.J.S.A. 39:4-50.2(e), 39:4-50.4a(a); State v. Wright, 107 N.J. 488, 490 (1987)).]

In Marquez, the Court held that reading the standard statement is a necessary element of a refusal conviction, and rejected the contention that the procedural safeguards of N.J.S.A. 39:4-50.2 are not a substantive element of the refusal offense. Id. at 506. The Court added that "[t]he fact that motorists are deemed to have implied their consent, pursuant to [N.J.S.A. 39:4-50.2], does not alter that conclusion." Ibid. The Court held that N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a "nonetheless impose an obligation on officers to inform drivers of the consequences of refusal." Ibid.

Defendant correctly points out that in State v. Cummings, 184 N.J. 84, 90 n.1 (2005), the Court observed that N.J.S.A. 39:4-50.4a is the "exact statutory provision applicable to breathalyzer refusal cases," and that "care should be taken to list . . . N.J.S.A. 39:4-50.4a" in the summons charging refusal. However, the Cummings Court did not hold that dismissal is required when the summons cites N.J.S.A. 39:4-50.2 rather than N.J.S.A. 39:4-50.4a. Ibid.

8

(finding "no prejudice resulting from it").  Such a conclusion would run counter to the Court's later decision in Marquez, where the Court held that the elements of the refusal offense are drawn from both N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a.  Marquez, 202 N.J. at 501-02.

Judge Deitch correctly determined that the summons issued to defendant for refusing to submit to the breath test was not fatally flawed.  Since the elements of the refusal offense are found in both N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a, the citation of only the former statute does not require dismissal of the summons.  Under these circumstances, dismissal of the charges would exalt form over substance, an approach our courts have "properly rejected."  State v. Fisher, 180 N.J. 462, 472 (2004).  Moreover, defendant was not prejudiced because the officer read him the standard statement, which informed him of the penalties for refusal set forth in N.J.S.A. 39:4-50.4a.

Judge Deitch also correctly found Nunnally distinguishable.  As the judge noted, the defendant in Nunnally was charged with a CDL refusal and the officer cited the general refusal statute in the summons.  In this case, defendant was charged with general refusal, and while the summons cited only N.J.S.A. 39:4-50.2, the summons was not fatally flawed because the implied consent law and the refusal statute must be read together.

A-4496-16T2

We further concur with the judge's finding that the plea allocution provides no basis to question whether defendant knew he was facing a possible conviction of refusal to submit to a breathalyzer. The prosecutor and plea hearing judge stated multiple times that defendant was pleading guilty only to the refusal charge. This was affirmed by defendant's counsel, and defendant himself when he testified he "decided to plead guilty to refusal of the breathalyzer test." Shortly after, he affirmed that when he was arrested, he "refused to submit to the breathalyzer test."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4496-16T2